UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

        - against -                                        16 Cr. 521 (CM)

ANDY GYAMFI,

        Defendant
------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF A
MOTION TO SUPPRESS
CELL-SITE LOCATION INFORMATION
AND THE FRUITS OF THE ILLEGAL SEARCH AND SEIZURE


Dated:  New York, New York
          August 10, 2018

                                                        Donald Yannella, Esq.
                                                        Karloff Commissiong, Esq.

                                                        *Attorneys for Andy Gyamfi*

**PRELIMINARY STATEMENT**

The Government made three applications under the Stored Communications Act, 18 U.S.C. § 2703, to obtain cell-site location information (CSLI) for a cellular phone used by Andy Gyamfi. Those applications were made respectively on June 17, 2016, July 28, 2016, and August 2, 2016. The CSLI from those applications must be suppressed because it was obtained in violation of the Fourth Amendment to the United States Constitution. Additionally, evidence subsequently obtained as the fruit of the initial unlawful search and seizure must also be suppressed.

**Suppression of CSLI - Law and Analysis**

An individual "maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI." *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018). Therefore, CSLI obtained by the government from a wireless carrier is the "product of a search." *Id*. By accessing CSLI, the government invades an individual's legitimate "expectation of privacy in the whole of his physical movements." *Id*. at 2219. CSLI, much like GPS tracking of a vehicle, "is detailed, encyclopedic, and effortlessly compiled," giving the government a "detailed and comprehensive record of the person's movements." *Id*. at 2218. Because acquisition of CSLI is a search that implicates the Fourth Amendment, "the Government must generally obtain a warrant supported by probable cause before acquiring such records." *Id*. at 2221.

As a result of their initial application on June 17, 2016, the Government obtained an order, signed by a Magistrate Judge on June 18, 2016, to obtain approximately 102 days of CSLI from the wireless carrier. This revealed Mr. Gyamfi's location every time

during that period that a cellular phone he used connected with the wireless provider's cell site.  The government failed to get a warrant for this CSLI.  Instead, it got an order under the Stored Communications Act, pursuant to 18 U.S.C. § 2703(d).  *See* Application for Order Requiring Disclosure of Historical Cell Site Information, dated June 17, 2016, attached as Exhibit A.  Failure to get a warrant violated the Fourth Amendment.

The Stored Communications Act authorizes the Government to acquire data from third party companies based upon a mere showing that it is "pertinent to an ongoing investigation."  As the Supreme Court observed in *Carpenter*, this is a "gigantic" departure from the Fourth Amendment's more stringent probable cause requirement. *Id*.  The CSLI that the Government obtained pursuant to their June 17, 2016 application, without a warrant, must be suppressed.

**Fruit of the Poisonous Tree – Law and Analysis**

Evidence obtained as both a direct and indirect result of an unlawful search or seizure is subject to the exclusionary rule.  *See Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963).  The critical question is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."  *Id*. at 488.  The 102 days of CSLI acquired from the above referenced order dated June 17, 2016, in violation of the Fourth Amendment, was subsequently used by the Government to apply for two warrants to obtain an additional 41 days of CSLI.  *See* Exhibits B and C, respectively.  The government specifically relied

3

on information acquired in contravention of the Fourth Amendment to obtain both warrants. This is illustrated by the detective's affidavit, dated July 29, 2016, contained in Exhibit B, which references CSLI from the wireless carrier:

> 15. Records maintained by the New York State Courts indicate that GYAMFI is currently on parole, and has provided his cellphone number to the probation office as 646-387-6940, which is the number of Target Cellphone-1. Investigator-1 has informed me that database checks indicate that the Service Provider for Target Cellphone-1 is T-Mobile/Omnipoint.
>
> 16. On or about June 17, 2016, a magistrate judge in this District issued an order for historical location data for Target Cellphone-1. Based on my communications with another law enforcement officer who reviewed that data, I learned, in substance and in part, that at the time of the Victim's murder, Target Cellphone-1 was located in vicinity of the Apartment, and indeed was in communication with a cellphone tower located approximately 50 yards from the Apartment, although it should be noted that (unlike COLLYMORE), GYAMFI is believed to reside in the general vicinity the Apartment.
>
> *See* Exhibit B at p. 7.

Similar language was used in the application, dated August 2, 2016, for the second warrant:

> 15. Records maintained by the Probation Office for this Court indicate that GYAMFI was on supervised release for a prior conviction in this District at the time of the Victim's murder, and continues to be on supervised release at the time of this Affidavit. GYAMFI has provided his cellphone number to the Probation Office, and that number corresponds to the number of the Target Cellphone. I know from my review of phone company records that the Service Provider for the Target Cellphone is T-Mobile/Omnipoint. Based on my conversations with an employee of the Service Provider and a Probation Officer, I know that GYAMFI has used the Target Cellphone during the time of the Victim's murder, and continues to use the Target Cellphone. At the time of the Victim's murder, the Target Cellphone used the number 646-387-6940, and on or about July 1, 2016, the number changed to 585-524-6666. Phone company records, however, indicate that the device used by both numbers is the same and bears the IMEI number 013881002193538.

> 16. On or about June 17, 2016, a magistrate judge in this District issued an order for historical location data for the Target Cellphone. Based on my communications with another law enforcement officer who reviewed that data, I learned, in substance and in part, that at the time of the Victim's murder, the Target Cellphone was located in vicinity of the Apartment, and indeed was in communication with a cellphone tower located approximately 50 yards from the Apartment, although it should be noted that (unlike COLLYMORE), GYAMFI is believed to reside in the general vicinity the Apartment.
>
> *See* Exhibit C at p. 7.

It is clear that the illegally obtained information from Exhibit A, was "exploited" in order to make subsequent applications to obtain additional evidence against Mr. Gyamfi. The "primary taint" was specifically used to further the investigation, and as a result, there was no attenuation of the initial illegal conduct that would "dissipate the taint." *See Nardone v. United*, 308 U.S. 338, 341 (1939). Any CSLI collected, in connection with Exhibits B and C, should be suppressed as fruits of the poisonous tree. Moreover, the government exploited the tainted CSLI by using it in the application, dated August 2, 2016, for a search warrant for Mr. Gyamfi's apartment. That led to seizure of Mr. Gyamfi's iPhone, which enabled the government to learn that he had a new phone number. As a result, the evidence obtained from the search of Mr. Gyamfi's apartment should be suppressed, because it is also fruit of the poisonous tree.

Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based upon the government's response to the present motions or new facts uncovered by the defendant's ongoing investigation into this case.

WHEREFORE, Defendant Andy Gyamfi, by and through his attorneys, respectfully moves for the relief set forth herein, and for such other and further relief as this Court may deem just and proper.

Dated:  August 10, 2018                                             Respectfully Submitted,

/s/

Donald Yannella, Esq.
Karloff C. Commissiong Esq.