UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA  :  S4 16 Cr. 521
:  (CM)
- v. -   :
:
ANDY GYAMFI,   :
    a/k/a "N-Smooth,"   :
    a/k/a "A-Y,"   :
    a/k/a "A"   :
:
        Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO DEFENDANT'S MOTION
<u>TO SUPPRESS CELL-SITE LOCATION INFORMATION</u>**

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Jared Lenow
Hagan Scotten
Assistant United States Attorneys
    -Of Counsel-

Defendant Andy Gyamfi moves to suppress phone company records showing the location of his cellphone at certain times relevant to the charged crimes. (*See* Dkt. 79 ("Mot.")). As Gyamfi acknowledges, the Government obtained this cell-site evidence from Gyamfi's cellphone service provider pursuant to three orders issued by United States Magistrate Judges under 18 U.S.C. § 2703(d). (*See* Mot. 2 and Ex. A, B, C). Gyamfi moves to suppress that evidence because the Supreme Court has since held that the Fourth Amendment requires a warrant, rather than an order under § 2703(d), to gather historical cell-site data. *See Carpenter v. United States*, No. 16-402, slip op. at 17, 138 S. Ct. 2206, ___ (June 22, 2018). (*See* Mot. 2-3). Because the law enforcement agents who collected the cell-site evidence acted in good faith reliance on orders issued by Magistrate Judges the defendant's motion should be denied.

A.  Applicable Law

1.  The *Carpenter* Decision

The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701 et seq., provides that "[a] governmental entity may require a provider of electronic communication service . . . to disclose a record or other information pertaining to a subscriber or customer of such service (not including the context of communications)" if the entity obtains a warrant, obtains a court order, has the consent of the subscriber or customer, or if certain other specific conditions are satisfied. 18 U.S.C. § 2703(c). According to Section 2703(d), to obtain a court order, the governmental entity must "offer[] specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Prior to *Carpenter,* every circuit to have considered whether an order issued under Section 2703(d) was a constitutionally acceptable basis for obtaining historical cell site data had concluded that such orders were sufficient. *United States v. Graham*, 824 F.3d 421, 424-26 (4th

Cir. 2016) (en banc); *United States v. Carpenter*, 819 F.3d 880, 887 (6th Cir. 2016), rev'd, 132 S. Ct. 2206 (2018); *United States v. Davis*, 785 F.3d 498, 511-13 (11th Cir. 2015) (en banc), cert. denied, 136 S. Ct. 479 (2015); *In re Application of U.S. for Historical Cell Site Data*, 724 F.3d 600, 614-15 (5th Cir. 2013); *United States v. Guerrero*, 768 F.3d 351, 358-59 (5th Cir. 2014).

After the Government obtained the cell-site evidence in this case, the Supreme Court decided in *Carpenter* that an order issued under Section 2703(d) of the SCA was "not a permissible mechanism for accessing historical cell-site records." 138 S. Ct. at 2221. The Court acknowledged that it had "previously held that 'a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties,'" *Carpenter*, 138 S. Ct. at 2216 (quoting *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979)), and that cell-site records "implicate [that] third-party principle" because "the individual continuously reveals his location to his wireless carrier," *id*. at 2216. The Court reasoned, however, that cell phone location records were a "novel" category because they contained "detailed, encyclopedic, and effortlessly compiled" information regarding an individual's physical movements. *Id*. at 2216-17. The Supreme Court therefore concluded that the acquisition of historical cell-site records was a Fourth Amendment search and that obtaining such records would generally require a warrant. *Id*. at 2221.

### 2. Good Faith Reliance on Precedent

The exclusionary rule applies "only where it results in appreciable deterrence" of future Fourth Amendment violations. *Herring v. United States*, 555 U.S. 135, 140 (2009). Thus the exclusionary rule should be used only where law enforcement "'exhibit[s] deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights.'" *United States v. Raymonda*, 780 F.3d 105, 117-18 (2d Cir. 2015) (quoting *United States v. Stokes*, 733 F.3d 438, 443 (2d Cir. 2013)). For that reason, "evidence obtained during a search conducted in reasonable reliance on

binding precedent is not subject to the exclusionary rule." *Davis v. United States*, 564 U.S. 229, 241 (2011).  Indeed, the Supreme Court has recognized that an officer who conducts a search in reliance on precedent "'acts as a reasonable officer would and should act' under the circumstances," and that the effect of excluding evidence obtained from such a search "can only be to discourage the officer from 'doing his duty.'"  *Id*. (quoting *United States v. Leon*, 468 U.S. 897, 920 (1984)).

The Second Circuit has held that "binding appellate precedent" within the meaning of *Davis* includes "the precedent of this Circuit and the Supreme Court."  *United States v. Aguiar*, 737 F.3d 251, 261 (2d Cir. 2013).  In *Aguiar*, the Second Circuit considered the warrantless use of a GPS tracking device on a defendant's vehicle prior to the Supreme Court's decision that the use of such a device constitutes a search within the meaning of the Fourth Amendment.  Recognizing that "our Circuit [had] lacked occasion to opine on the constitutionality of using electronic tracking devices attached to vehicles," the Second Circuit reasoned that "law enforcement could reasonably conclude" from earlier Supreme Court precedent—when "[t]aken together"—that the warrantless use of the GPS tracker did not violate the Fourth Amendment.  *Aguiar*, 737 F.3d at 261.  *Aguiar* thus "indicated approval of at least some extrapolation from current precedent" when considering whether law enforcement's actions were taken in good faith.  *United States v. Parrilla*, 2014 WL 2111680, *11 (S.D.N.Y. May 13, 2014); *see also United States v. Mazzara,*, 2017 WL 4862793, at *12-13 (S.D.N.Y. Oct. 27, 2017) (listing analogous precedent supporting conclusion that video surveillance was lawful regardless of duration).  The Second Circuit further noted in *Aguiar* that its "conclusion that the officers here relied in good faith . . . is reinforced by the fact that several sister circuits reached similar

3

conclusions" regarding the constitutionality of the warrantless use of GPS tracking devices. *Aguiar*, 737 F.3d at 262.

### B. Discussion

The law enforcement agents who collected Gyamfi's cell-site data did so in accordance with a statute, § 2703(d), that told them how to go about collecting such data. That process required the agents to obtain orders from judges, which they did. (*See* Mot. Ex. A, B, C). The judges who issued those orders, in turn, did so in accordance with the decisions of every circuit court to consider the question. Gyamfi does not argue, nor could he, that the law in effect when the relevant orders were obtained suggested that the agents or the judges should have done anything differently. The exclusionary rule therefore does not apply, because excluding the cell-site evidence would in no way deter Fourth Amendment violations. *See, e.g.*, *Davis*, 564 U.S. at 241. Indeed, this case presents nearly identical circumstances to *Aguiar*, where the Second Circuit confirmed that the good-faith rule applied to a different form of electronic surveillance that other circuits had previously found did not require a warrant, but which the Supreme Court later decided did require a warrant. *See* 737 F.3d at 261; *see also United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018) ("Without question, then, the good-faith exception to the exclusionary rule applies" to cell-site data obtained under a § 2703(d) order issued before *Carpenter* was decided); *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018) (same); *United States v. Felder*, 14 Cr. 604 (VB), Dkt. 141, at 2 (S.D.N.Y. August 15, 2018) (denying motion to suppress cell-site evidence under *Carpenter* because "the agents' reliance on Section 2703(d) and the magistrate judge's order issued pursuant thereto was objectively reasonable, and the good faith exception to the exclusionary rule applies."); *United States v. Blake*, 2018 WL 3974716, at *2 (D. Conn. Aug. 20, 2018) (noting that every court to consider the question "has

declined to suppress evidence arising out of a pre-*Carpenter*, routine acquisition of cell site location information pursuant to the Stored Communications Act.").

## CONCLUSION

For the foregoing reasons, the defendant's motion should be denied without a hearing.

Dated: New York, New York
       September 21, 2018

                              Respectfully submitted,

                              GEOFFREY S. BERMAN
                              United States Attorney

                By:   /s/ Hagan Scotten
                        Jared Lenow / Hagan Scotten
                        Assistant United States Attorneys
                        (212) 637-1068/2410