UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

UNITED STATES OF AMERICA,

    -against-

ANDY GYAMFI,

    Defendant.

————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/18

S4 16 CR 521 (CM)

DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS
PHONE COMPANY LOCATION EVIDENCE

McMahon, C.J.:

Andy Gyamfi is charged with having conspired with others to rob a marijuana-selling operation and shooting Carlos Vargas (a member of the marijuana operation) during the attempted robbery. He has filed a pretrial motion asking the Court to suppress phone company records obtained by the Government showing the location of his cellphone at certain times relevant to the charged crimes. (*See* Defendant's Motion to Suppress Docket #79).

The Government obtained the challenged cell-site evidence from Gyamfi's cellphone service provider in the summer of 2016, pursuant to three orders issued by United States Magistrate Judges under the Stored Communications Act ("SCA"), 18 U.S.C. 2703(d). (*See* Defendant's Motion Docket #79 at 2 and Exhibits A, B, C). However, after obtaining the cell-site evidence, the Supreme Court announced in *Carpenter v. United States,* that an order issued under Section 2703(d) of the SCA was "not a permissible mechanism for accessing historical cell-site records." *See Carpenter v. United States,* 138 S. Ct. 2206, 2221(2018). The Court acknowledged that it had "previously held that 'a person has no legitimate expectation of privacy

1

in information he voluntarily turns over to third parties,'" *Carpenter*, 138 S. Ct. at 2216 (quoting *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979)), and that cell-site records "implicate [that] third-party principle" because "the individual continuously reveals his location to his wireless carrier," *id.* at 2216. However, it concluded that cell phone location records were a "novel" category because they contained "detailed, encyclopedic, and effortlessly compiled" information regarding an individual's physical movements. *Id.* at 2216-17. The Court held that the acquisition of historical cell-site records was a Fourth Amendment search, and that obtaining such records would generally require a warrant. *Id.* at 2221.

The Government argues that—notwithstanding *Carpenter*—suppression is not warranted because the exclusionary rule should not be employed in situations where law enforcement agents act in good faith reliance on a judge's order issued in accordance with existing precedent. The Government is correct.

The exclusionary rule applies "only where it results in appreciable deterrence" of future Fourth Amendment violations. *Herring v. United States*, 555 U.S. 135, 140 (2009). The rule should be used only where law enforcement "'exhibit[s] deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights.'" *United States v. Raymonda*, 780 F.3d 105, 117-18 (2d Cir. 2015) (quoting *United States v. Stokes*, 733 F.3d 438, 443 (2d Cir. 2013)).

"Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." *Davis v. United States*, 564 U.S. 229, 241 (2011). An officer who conducts a search in reliance on precedent "'acts as a reasonable officer would and should act' under the circumstances," and that the effect of excluding evidence obtained from such a search "can only be to discourage the officer from 'doing his duty.'" *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 920 (1984)).

Here, the law enforcement agents who collected Gyamfi's cell-site data did so in accordance with a statute, § 2703(d), that told them how to go about collecting such data. That process required the agents to obtain orders from judges, which they did. The judges who issued those orders, in turn, did so in accordance with the decisions of every circuit court to consider the question. *See United States v. Graham*, 824 F.3d 421, 424-26 (4th Cir. 2016) (en banc); *United States v. Carpenter*, 819 F.3d 880, 887 (6th Cir. 2016), rev'd, 132 S. Ct. 2206 (2018); *United States v. Davis*, 785 F.3d 498, 511-13 (11th Cir. 2015) (en banc), cert. denied, 136 S. Ct. 479 (2015); *In re Application of U.S. for Historical Cell Site Data*, 724 F.3d 600, 614-15 (5th Cir. 2013); *United States v. Guerrero*, 768 F.3d 351, 358-59 (5th Cir. 2014). Excluding the cell-site evidence in this case would in no way deter Fourth Amendment violations. *See, e.g., Davis*, 564 U.S. at 241.

Circuit and district courts presented with this very issue have likewise concluded that the good-faith exception to the exclusionary rule applies to cell-site data obtained under a § 2703(d) order issued before *Carpenter* was decided. See *United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018) ("Without question, then, the good-faith exception to the exclusionary rule applies" to cell-site data obtained under a § 2703(d) order issued before *Carpenter* was decided); *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018) (same); *see also United States v. Felder*, 14 Cr. 604 (VB), Dkt. 141, at 2 (S.D.N.Y. August 15, 2018) (denying motion to suppress cell-site evidence under *Carpenter* because "the agents' reliance on Section 2703(d) and the magistrate judge's order issued pursuant thereto was objectively reasonable, and the good faith exception to the exclusionary rule applies."); *United States v. Blake*, 2018 WL 3974716, at *2 (D. Conn. Aug. 20, 2018) (noting that every court to consider the question "has

declined to suppress evidence arising out of a pre-*Carpenter*, routine acquisition of cell site location information pursuant to the Stored Communications Act.").

Defendant's motion to suppress is denied.

November 13, 2018

_____
Chief District Court Judge

BY HAND & ECF TO ALL COUNSEL