UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES

       - against -                                16 Cr. 521 (JSR)

ANDY GYAMFI,

       Defendant
-----------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO PRECLUDE ADMISSION OF A 911 CALL AT TRIAL


Dated:  New York, New York
        February 6, 2019

                                                         Donald Yannella, Esq.
                                                         Karloff Commissiong, Esq.

                                                         *Attorneys for Andy Gyamfi*

**Cases**

*United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986).......................................................... 4
*United States v. Lopez*, 584 F.2d 1175, 1180 (2d Cir. 1978).......................................................... 4
*Warren v. Hood*, 1991 US Dist LEXIS 3778 (E.D.N.Y.)............................................................... 4

## PRELIMINARY STATEMENT

The Government informs the defense that it will seek to introduce at trial two 911 calls. The defense does not oppose introduction of the first 911 call. That caller ("911 caller # 1") reports hearing gunshots, and his tone of voice is relatively calm and measured. The defense moves to preclude introduction of the second 911 call, placed by a different caller four minutes after the first call. That second call was made by a resident (hereinafter "911 caller # 2") of 2466 Marion Avenue, Apartment 2C, Bronx, New York. The defense opposes introduction of the second call because it has little if any probative value, it is improper bolstering, and its probative value is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence.

## APPLICABLE LAW

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Fed. R. Evid. Rule 402 requires the exclusion of irrelevant evidence.

Rule 403 says that relevant evidence is inadmissible if its probative value is substantially outweighed by unfair prejudice or needless presentation of cumulative evidence. See Fed. R. Evid. 403. "Unfair prejudice" under Rule 403 results from "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See Fed. R. Evid. 403, Adv. Comm. Notes.

In order for evidence of prior consistent statements to be admissible, the declarant not only must have been generally subjected to a credibility attack, she must have been subjected to

a credibility attack concerning the matter discussed in the prior consistent statement. *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986); *see also* Advisory Committee Notes to Fed. R. Evid. 801, 2014 Amendments. ("There are traditional and well-accepted limits on bringing prior consistent statements before the factfinder for credibility purposes. It does not allow impermissible bolstering of a witness. A prior consistent statement may only be used to rehabilitate a witness whose credibility has been attacked."); *See United States v. Lopez*, 584 F.2d 1175, 1180 (2d Cir. 1978) ("The rule is that once a witness's testimony has been attacked as a recent fabrication or he is charged with improper influence or motive, his prior statements consistent with his testimony are admissible for the limited purpose of rehabilitation."); *see also Warren v. Hood*, 1991 US Dist LEXIS 3778 (E.D.N.Y.) (error where neighbor of burglary victim testified that he observed defendant in neighborhood, and testimony was bolstered by a tape recording of his 911 call reporting that an individual was "trying the doors" of houses in the neighborhood).

## DISCUSSION

911 caller # 2 is frantic and crying throughout the call. She reports that she and her son were in a bedroom and did not see the shooting. She tells the dispatcher that she does not know how the victim was shot. She reports that she found him lying on the floor in a pool of blood, and she says that there are two bullet holes in the apartment door. Throughout most of the call, 911 caller # 2 provides no substantive information because she repeats herself, talks over the dispatcher, or is too distraught to understand or respond to the dispatcher's questions. The defense concedes that the caller's statements about seeing the victim on the floor in a pool of blood, and seeing two bullet holes in the apartment door, convey a present sense impression. Under Rule 803(1) and (2), those portions are "not excluded by the rule against hearsay."

However, just because the statements are not hearsay does not mean they are admissible. The statements should be excluded under Rule 403 because their probative value, which is de minimis at best, is substantially outweighed by the danger of unfair prejudice or needlessly presenting cumulative evidence.

The Government provided 3500 material for 911 caller # 2, who evidently is available to testify at trial. Presumably, she will testify in a calm manner as to what she saw and heard on the night in question. Playing the emotionally charged 911 call during the trial would inflame the passions of the jury.

The first five seconds of the call consist of nothing more than screaming and crying. At approximately the five second mark, the dispatcher asks, "911 what's the emergency?" 911 caller # 2 responds, "2466 Marion Avenue apartment 2C I think somebody's been shot...there's two bullet holes through my door...there's two bullet..." She screams and cries frantically while making those statements, and there is also yelling in the background. Approximately 33 seconds into the call, the dispatcher asks, "You said somebody shot at your apartment door?" 911 caller # 2 responds, "I don't know what they did. The boy is laying on the floor, there's a pool of blood, he won't move nothing behind his head, there's two bullet holes through my door."

The remainder of the call includes more crying and screaming by 911 caller # 2 and by another individual in the background, as well as pleas to the dispatcher to send help. When asked if the victim's chest is moving up and down, 911 caller # 2 states, "He's laying on the floor, I don't know if he's breathing...his face looks like it's bashed in and there's two bullet holes through, through my door, please can you send somebody, I'm scared that they might come back, please hurry..." The second 911 caller clearly was terrified that the perpetrators would return, but that is irrelevant, unduly prejudicial, and must be excluded.

Portions of the statements have no probative value, and others have de minimis probative value. The defense does not contest that (1) there was a shooting, (2) the second 911 caller did not see the shooting, or (3) that she found the victim bleeding and lying on the floor as described in her call. 911 caller # 2 will testify at trial regarding these observations. Further, the medical examiner's testimony and autopsy reports will sufficiently illustrate that the victim was struck in the head and that he died from gunshot wounds. Moreover, 911 caller # 1 talks about hearing gunshots. He informs the dispatcher, "2466 Marion Avenue, I hear the gunshots, gunshots...2466 Marion Avenue...between 188 and Fordham Road, gunshots, about 5 gunshots on the second floor."

The primary impact of the second 911 call, is to communicate to the jury how frantic and terrified 911 caller # 2 was. The Government should be precluded from introducing the recording of the second 911 call because its contents are largely irrelevant, it is improper bolstering, and because any probative value is substantially outweighed by the danger of unfair prejudice, under Rule 403.

Dated:  February 6, 2019                                        Respectfully Submitted,

/s/
Donald Yannella, Esq.
Karloff C. Commissiong Esq.