UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :
UNITED STATES OF AMERICA                  :
                                          :
        – against –                       :            16 Cr. 521 (JSR)
                                          :
ANDY GYAMFI,                              :
                                          :
                Defendant.                :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


# **DEFENSE REQUESTS TO CHARGE**


Donald Yannella PC
Attorney at Law
233 Broadway, Ste. 2370
New York, New York 10279
Tel.: (212) 226-2883


Karloff Commissiong
Adams & Commissiong, LLP
65 Broadway, Ste. 1603
New York, New York 10006
Tel: (212) 430-6590

Andy Gyamfi respectfully submits the following requests to charge. In accordance with the Court's individual rules, he reserves the right to submit additional requests occasioned by the trial evidence and a theory of the defense charge. We respectfully request an opportunity to review the Court's draft instructions prior to opening statements in order to address any significant issues in advance.

## GENERAL INSTRUCTIONS

The following is a list of instructions of general applicability at criminal trials that Mr. Gyamfi asks the Court to give in its customary manner:

1) Indictment Is Not Evidence

2) Government as Party - No Special Consideration

3) Defendant's Right Not to Testify

4) Reasonable Doubt

5) Presumption of Innocence and Burden of Proof

6) Role of the Court

7) Role of Counsel

8) Witness Credibility

9) Bias of Witness

10) Demeanor Evidence

11) Testimony of Felons, Perjurers, Cooperators and Consideration of Guilty Pleas

12) Prior Inconsistent Statements

13) Law Enforcement Witnesses

14) Expert Witnesses

15) Consider Each Count Separately

16) Consider Only the Charges

17) Charts and Summaries

18) Role of the Jury

19) Conduct of Counsel

20) Jurors' Notes

21) Duty to Deliberate/Unanimous Verdict

22) Duties of Foreperson

**All Persons Equal Before the Law; Improper Considerations**

In performing your role as jurors in this case, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and that the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less consideration.

In reaching your decision as to whether the Government sustained its burden of proof, you may not consider any personal feelings you may have about Mr. Gyamfi's race, ethnicity, national origin, sex or age, of that of any witness or anyone else involved in this case.

All persons charged with a crime are entitled to the same presumption of innocence. The Government also has the same burden of proof with respect to all persons. Accordingly, Mr. Gyamfi's status does not lessen or increase the Government's burden of proof. As with any other individual charged with a crime, the issue is whether the Government has met its burden of demonstrating each element of the offense beyond a reasonable doubt.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. Both sides are entitled to a trial free of prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**Implicit Bias**

Our system of justice depends on judges like me and jurors like you being able and willing to make careful and fair decisions. Scientists studying the way our brains work have shown that, for all of us, our first responses are often like reflexes. Just like our knee reflexes, our mental responses are quick and automatic. Even though these quick responses may not be what we consciously think, they could influence how we judge

people or even how we remember or evaluate the evidence.

Scientists have taught us some ways to be more careful in our thinking that I ask you to use as you consider the evidence in this case:

- Take the time you need to test what might be reflexive unconscious responses and to reflect carefully and consciously about the evidence.

- Focus on individual facts, don't jump to conclusions that may have been influenced by unintended stereotypes or associations.

- Try taking another perspective. Ask yourself if your opinion of the parties or witnesses or of the case would be different if the people participating looked different or if they belonged to a different group.

- You must each reach your own conclusions about this case individually, but you should do so only after listening to and considering the opinions of the other jurors, who may have different backgrounds and perspectives from yours. Working together will help achieve a fair result.

**AUTHORITY:** AIJ Project, Achieving an Impartial Jury Toolbox pp. 17-20, https://www.americanbar.org/content/dam/aba/publications/criminaljustice/voirdire_toolc hest.authcheckdam.pdf

## COUNT ONE

Count One charges that, in or about April 28, 2016, Mr. Gyamfi conspired with others to rob individuals engaged in the sale of marijuana in the vicinity of 2466 Marion Avenue in the Bronx, New York.

### Elements of a Conspiracy

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt the following two elements:

**First**, the existence of the conspiracy charged, that is, an agreement or understanding to violate the laws of the United States;

**Second**, that the defendant knowingly became a member of that conspiracy. Now let us separately consider the two elements.

### First Element: Existence of the Conspiracy

Starting with the first element, what is a conspiracy? The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement of two or more people to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.  The conspiracy alleged here in Count One, therefore, is an agreement to commit robbery.

In order for the Government to satisfy this element, you need not find that the alleged members of a conspiracy sat around a table and entered into any express or formal agreement that they had formed a conspiracy to violate the law.  You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual agreement, either

spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may find the existence of an agreement to commit an unlawful act has been established by direct proof.  You may, however, infer the existence of the conspiracy from the circumstances of the case and the conduct of the parties involved if you find that the evidence justifies such an inference.  In the context of a conspiracy charge, actions often speak louder than words. In this regard you may, in determining whether an agreement existed, consider the actions and statements of each alleged co-conspirator as proof of whether a common design existed to act together to accomplish an unlawful purpose.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from them.

## Objectives of the Conspiracy

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve. The Indictment here charges that the conspiracy alleged in Count One had as its object the intent to obstruct, delay, or affect commerce by committing robbery.  I will explain the law regarding robbery later in my instructions. If you find that the conspirators agreed to accomplish these objectives, the illegal purpose element will be satisfied.

**Second Element: Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question, which is whether the defendant knowingly and willfully became a member of the conspiracy. That is, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.  The Government alleges that the goal of the conspiracy was to rob individuals engaged in the sale of marijuana. The Government must prove beyond a reasonable doubt that the agreement was to rob a persons understood by the conspirators to be a marijuana dealer.

Robbery has three elements:

First, knowingly obtaining or taking the property of another;

Second, obtaining or taking that property against the victim's will, by use of actual or threatened force, violence, or fear of injury; and

Third, that such actions would have actually or potentially, in some way or degree, obstructed, delayed, or affected interstate commerce.

a) Element One – Property of Another

As to the first element of robbery, the term "property" includes money and other tangible things of value that are capable of being transferred from one person to another. An act is done knowingly if it is done deliberately and purposefully and not by mistake or accident, mere negligence or for some other innocent reason.

b) Element Two – Taking by Actual or Threatened Force, Violence, or Fear

The second element of robbery is the taking of property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future. This element does not require the conspirators to intend to threaten or to use force and

violence and fear.  Rather, it is enough if the Government proves, beyond a reasonable

doubt, that the conspirators intended to threaten or to use either force or violence or fear.

In considering whether the conspirators intended to use or threaten to use, force,

violence, or fear, you should give those words their common and ordinary meaning.

Violence does not have to be directed at the person whose property was taken.  The threat of

force or violence can be directed at a third person.  A threat may be made orally or by a

physical gesture.  Whether a statement or a physical gesture would have been threatening is

for you to decide based on all of the surrounding facts.  Fear exists if at least one victim

experienced anxiety, concern, or worry over expected personal harm or business loss.

c) Element Three – Interference with Interstate Commerce

The third element of a robbery is that the taking or obtaining of property would have

or potentially would have affected interstate or foreign commerce.

### **"Willfully," And "Knowingly" Defined**

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or

inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something

the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

Now, science has not yet devised a manner of looking into a person's mind and knowing

what that person is thinking.

However, you have before you the evidence of certain acts, conversations, and

statements alleged to involve the defendant and others. The ultimate facts of knowledge and

criminal intent may be established by words and conduct, and all the surrounding

circumstances, as well as the rational or logical inferences that may be drawn from the words

and conduct. It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary that the defendant knew every other member of the conspiracy.

The duration and extent of the defendant's participation has no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when coupled with knowledge that a conspiracy is occurring. In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient. What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement - that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination of the conspiracy by its members.

 So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until it terminates, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

## Time of Conspiracy

Count One alleges that the conspiracy existed on or about April 28, 2016. It is not essential that the Government prove that the conspiracy started and ended within this specific time period. Indeed, it is sufficient if you find that a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

## Liability For acts and Declarations of Co-Conspirators (if necessary)

I have admitted at this trial evidence of acts and statements of other individuals when such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendant, even if each defendant was not present for those acts and statements.

The reason for allowing this evidence has to do with the nature of a conspiracy. Under the law, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent or partner for the other conspirators in carrying out the conspiracy. Therefore, you may consider against the defendant any acts or statements made by anyone you find to have been his coconspirator, even if such acts or statements were not made in his presence or with his knowledge. Acts or statements made in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

The Government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective

## COUNT TWO

Mr. Gyamfi is accused of obstructing, delaying and affecting commerce by committing robbery.  It is against federal law to obstruct, delay or affect commerce by committing robbery. For you to find Mr. Gyamfi guilty of this crime, you must be convinced that the government has proven each beyond a reasonable doubt, the following elements:

       a) Element One – Property of Another (As defined in Count One)

       b) Element Two – Taking by Actual or Threatened Force, Violence, or Fear

       (As defined in Count One)

       c) Element Three – Interference with Interstate Commerce

       (As defined in Count One)

It is not necessary for you to find that Mr. Gyamfi knew or intended that his actions would affect commerce.  It is only necessary that the natural consequences of the acts committed by Mr. Gyamfi as charged in the indictment would affect commerce in any way or degree.  The term "commerce" means commerce between any point in a state and any point outside the state. "Robbery" means the unlawful taking or obtaining of personal property from the person or the presence of another, against his/her will, by means of actual or threatened force, or violence, or fear of injury to his/her person or property, or property in his/her custody or possession, or of anyone in his/her company at the time.

## COUNT THREE

Count Three charges the Defendant with knowingly using, carrying, possessing, and a firearm during and in relation to a crime of violence, specifically the robbery conspiracy charged in Count Two.  You should only consider this charge if you have first found the Defendant guilty of Count Two.  To sustain its burden of proof on Count Three, the Government must prove, beyond a reasonable doubt, each of the following elements.

**First**, that the Defendant committed a crime of violence for which he could be prosecuted in a court of the United States; and

**Second**, that the Defendant knowingly used or carried a firearm during and in relation to the robbery conspiracy charged in Count One, or that he possessed a firearm in furtherance of that crime.

Alternatively, the Government can prove, beyond a reasonable doubt, that the defendant aided and abetted another who did those things.  I will explain the elements of aiding and abetting in a moment.  If, but only if, you find that the Defendant guilty of Count Three, then you must also determine whether the Government has proven, beyond a reasonable doubt, that the firearm was brandished or discharged during the course of the conspiracy.

### <u>Element One:  Commission of the Predicate Offense - a Crime of Violence</u>

The first element that the Government must prove beyond a reasonable doubt is that the Defendant committed a crime of violence that can be charged in federal court.  (The defense acknowledges that the controlling law in the Second Circuit, is that a substantive count of Hobbs Act robbery is a crime of violence.  *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018) (Hobbs Act robbery categorically constituted predicate "crime of violence.").  The defendant contends that *Hill*, while controlling, was wrongly decided and preserves, for

purposes of appeal, his contention that Hobbs Act robbery is not categorically a crime of violence, for purposes of 18 U.S.C. 924(c) and (j).

### Element Two:  "Using" "Carrying" or "Possessing"

The second element that the Government must prove, beyond a reasonable doubt, is that the Defendant knowingly used or carried a firearm during the robbery conspiracy or possessed a firearm in furtherance of the robbery conspiracy.

A firearm is defined by the statute as "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  For the purposed of this element, it does not matter whether the firearm was loaded or operable at the time of the crime.  I instruct you that a gun is a firearm.

In order to prove that Mr. Gyamfi used a firearm, the Government must prove beyond a reasonable doubt some active employment of the firearm.  This does not mean that the gun had to be fired.  Brandishing, displaying, or even referring to the gun so that others present knew that the Defendant had the gun constitutes "use" of the firearm.

In order to prove that Mr. Gyamfi carried the firearm, the Government must prove beyond a reasonable doubt that Mr. Gyamfi had the weapon within his control so that it was available to him.  In order to prove that Mr. Gyamfi possessed a firearm the Government must prove that the Defendant physically possessed the firearm or had dominion and control over the firearm.  To possess a firearm in furtherance of the robbery conspiracy means that the firearm helped to advance or promote the commission of the crime.  The mere possession of the firearm at the scene of the crime is not sufficient.  The firearm must have played some part in furthering the crime.

More than one person may possess or have control of a single firearm.  If a firearm is possessed or within the control of two or more persons, then each of those persons is said to

have control of the firearm.  Finally, the Government must prove that the Defendant used or carried the firearm knowingly.  This means that he used or carried the firearm purposefully and voluntarily and not by accident, mistake, negligence, or other innocent reason.  It also means that he knew the object he was using or carrying was a firearm as that term is commonly used.

## **Aiding and Abetting**

As I just told you, the Government can satisfy its burden of proof with respect to Count Three by proving the Defendant committed the crime or by proving that he aided and abetted the commission of the crime.  The aiding and abetting statute provides, in relevant part, that "whoever commits an offense . . . or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."  What that means is that, even if the Defendant did not himself commit this crime, the Government may meet its burden of proof by: (i) proving that another person actually committed the offense with which the Defendant is charged; and (ii) proving that the Defendant aided or abetted that person in the commission of the offense.  A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  If you have found that the Government has satisfied its burden of proof based on the actions of the Defendant, then you should not consider whether the Defendant also aided and abetted another in the commission of the crime.

In order to prove the Defendant guilty of Count Three on an aiding or abetting theory, the Government must prove, beyond a reasonable doubt, first, that the Defendant committed the underlying offense charged in Count Two and second, that the Defendant had advance knowledge that another participant in that crime would use or carry a firearm during the commission of the robbery conspiracy.  "Advance knowledge" means knowledge

at a time when the Defendant could alter or attempt to alter the plan to commit the crime or

withdraw from participation in the crime. (Subject to briefing on the elements of 18 USC

924(c) and 924(j) as discussed during the pretrial conference on February 14, 2019)

### **Brandishing or Discharging a Firearm**

If, but only if, you find Mr. Gyamfi guilty on Count Three (either because he

committed the crime or because he aided and abetted someone else who committed the

crime), then you must make a special finding as to that Count.  Specifically, you must

determine whether the Government proved, beyond a reasonable doubt, that the same

firearm was brandished or discharged in the course of the crime charged in Count Two.

The term "brandish" means to display all or part of the firearm, or otherwise make

the presence of the firearm known to another person, in order to intimidate that person,

regardless of whether the firearm is directly visible to that person.  The "brandishing" of a

firearm is a type of "use." A defendant is guilty of aiding and abetting the brandishing of a

firearm if he had advance knowledge that another participant in the crime of violence would

display the firearm or make the presence of the firearm known for purposes of

intimidation.  If you conclude that the Government has proven beyond a reasonable doubt

that Mr. Gyamfi brandished a firearm during the charged crime of violence, or aided and

abetted another in doing so, then you should check "proven" on the verdict form. On the

other hand, if you conclude that the Government has not proven that Mr. Gyamfi brandished

a firearm during the charged crime of violence, or aided and abetted another in doing so,

then you should check "not proven."

The term "discharge" means to fire or shoot, whether intentionally or accidentally.  If

you conclude that the Government has proven beyond a reasonable doubt that Mr. Gyamfi

discharged a firearm during the crime of violence, or aided and abetted the use, carrying, or

possession of a firearm that was discharged during the crime of violence, then you should

check "proven" on the verdict form.  On the other hand, if you conclude the Government has

not proven that Mr. Gyamfi discharged a firearm during the crime of violence, or aided and

abetted another in doing so, then you should check "not proven." As stated earlier, to find

either of these facts to have been proven or not proven, you must unanimously agree.

## Venue

In addition to all the elements of each of the charges that I have just described for

you, you must decide, separately with respect to each of these Counts, whether any act in

furtherance of that particular crime occurred within the Southern District of New York.  The

Southern District of New York includes, among other locations, the Bronx.

## COUNT FOUR

Count Four charges the Defendant with knowingly using, carrying, possessing, and

discharging a firearm during and in relation to a crime of violence, specifically the robbery

conspiracy charged in Count Two, and in the course of that crime did cause the death of a

person through the use of a firearm, which killing is murder, and did aid and abet the same,

to wit, Gyamfi and others attempted to rob at gunpoint Carlos Vargas and others, in the

vicinity of 2466 Marion Avenue in the Bronx, New York, during which attempted robbery

on of Gyamfi's co-conspirators shot and killed Vargas.  You should only consider this

charge if you have first found the Defendant guilty of Count Two.

To convict Mr. Gyamfi of count four, the Government must prove each of

the following elements beyond a reasonable doubt:

> First, that on or about the dates alleged, the defendant used or carried or
> possessed a firearm;

> Second, that the defendant used or carried the firearm during and in relation
> to a crime of violence;

Third, that the defendant caused the death of a person through the use of a firearm;

Fourth, that the death of that person qualifies as a murder, as I will define that term for you in a moment; and

Fifth, that the defendant acted knowingly and willfully.

### Firearms Offenses: First Element

The first element the Government must prove beyond a reasonable doubt is that on or about the date set forth in the Indictment the defendant used, carried, or possessed a firearm.

### Firearm

A "firearm" is pretty much self-explanatory. The technical definition is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive. I instruct you that a gun is a firearm.

### Use

In order to prove that the defendant used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the crime of violence. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

### Carry

In order to prove that the defendant carried the firearm, the Government must prove beyond a reasonable doubt that the defendant had the weapon within his control so that it was available in such a way that it furthered the commission of the crime.

The defendant need not have held the firearm physically, that is, have had actual possession of it on his person. If you find that the defendant had dominion and control over

the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the drug trafficking crime, you may find that the Government has proven that the defendant carried the weapon.

**Possess**

Possession of a firearm in furtherance of a drug trafficking crime requires that the defendant possess a firearm and that the possession advance or move forward the crime.

The mere presence of a firearm is not enough.  Possession in furtherance requires that the possession be incident to and an essential part of the crime.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

Here, I want to say a few words about the legal concept of possession.  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. If you find that a defendant had the firearm on his person, therefore, you may find that he had possession of it. However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

More than one person can have control over the same firearm.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another

person who has actual physical custody.  The person having control "possesses" the firearm because he has an effective working relationship with the people who have actual physical custody of the firearm and because he can direct the movement or transfer or disposition of the firearm.  In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

Now, let me give you some examples of possession. I have a pen in my hand. There should be no doubt in your mind that I physically possess the pen.

Another example: Let's say I brought in some candy today and left it on my law clerk's desk. She knows that she can't eat all of that candy; she'd better leave some for me. I do not physically possess the candy but I do have control over it. My law clerk also has control over it.  I can be said to "possess" the candy jointly with my law clerk.

One more example: Say a relative left me a watch when he died, and it is now sitting in a safety deposit box. Say also that I am the only person who can get into that box.  Do I have possession of the watch?  Absolutely I have possession of it, even though it's in a safety deposit box.

If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article. Proof of ownership is not required to establish possession.

### Firearms Offense: Second Element

The second element that the Government must prove beyond a reasonable doubt is that the defendant used or carried a firearm during and in relation to a crime of violence, in particular the Hobbs Act robbery charged in Counts Two.  (The defense acknowledges that the controlling law in the Second Circuit, is that a substantive count of Hobbs Act robbery is

a crime of violence.  *United States v. Hill*,  890 F.3d 51 (2d Cir. 2018) (Hobbs Act robbery categorically constituted predicate "crime of violence.").  The defendant contends that *Hill*, while controlling, was wrongly decided and preserves, for purposes of appeal, his contention that Hobbs Act robbery is not categorically a crime of violence, for purposes of 18 U.S.C. 924(c) and (j).

Possession in furtherance requires that the possession be incident to and an essential part of the crime.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

Unless you find beyond a reasonable doubt that the defendant participated in a crime of violence, you must find the defendant not guilty as to this Count.

### Third Element - Causing death

As to the third element -- whether the defendant's conduct caused the death of the victims -- the defendant's conduct may be found to cause the death of another individual if it had such an effect in producing that individual's death as to lead a reasonable person to regard the defendant's conduct as a cause of death.  The death of a person may have one or more than one cause.  You need not find that a defendant shot the victim or that he committed the final, fatal act.  The Government need only prove that the conduct of the defendant was a substantial factor in causing the victim's death. (Subject to briefing on aiding and abetting a felony murder, as ordered at the February 14, 2019 Status Conference.)

### Fourth Element - Murder

In considering Counts Four, you should apply the following definition of murder, which comes from Section 1111 of the Federal Criminal Code: "Murder is the unlawful killing of a human being, with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or

committed in the perpetration of, or attempt to perpetrate, [certain crimes including] murder . . . [qualifies as murder]."

### **<u>Fifth Element - specific intent</u>**

The final element the Government must prove beyond a reasonable doubt regarding Count Four is that the defendant acted "willfully" and knowingly."

I have previously defined those terms for you and you should apply those instructions here.

## COUNT FIVE

### Narcotics Conspiracy – Multiple Objects/Unanimity

Count Five of the Indictment charges the defendant with participating in a conspiracy to violate the narcotics laws.  The Indictment reads that: *[The Court is respectfully requested to read Count Five of the Indictment].*  The object of the narcotics conspiracy charged in the Indictment is the possession with intent to distribute and the distribution of mixtures and substances containing marijuana.  The Government needs to prove an agreement to accomplish the object of the conspiracy, beyond a reasonable doubt.

A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the violation of any specific federal laws, which the law refers to as "substantive crimes."

If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime. Because of that, you may find a defendant guilty of conspiracy to commit an offense even though the substantive crimes which were the object of the conspiracy were not actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.

### <u>Elements of a Conspiracy</u>

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt the following two elements:

**First**, the existence of the conspiracy charged, that is, an agreement or understanding to violate the laws of the United States;

**Second**, that the defendant knowingly became a member of that conspiracy.  Now let us separately consider the two elements.

## **First Element: Existence of the Conspiracy**

Starting with the first element, what is a conspiracy?  The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement of two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.  The conspiracy alleged here in Count One, therefore, is an agreement to distribute or possess with intent to distribute marijuana.

In order for the Government to satisfy this element, you need not find that the alleged members of a conspiracy sat around a table and entered into any express or formal agreement that they had formed a conspiracy to violate the law.  You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may find the existence of an agreement to commit an unlawful act has been established by direct proof, but it is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  You may, however, infer the existence of the conspiracy from the circumstances of the case and the conduct of the parties involved if you find that the evidence justifies such an inference. In the context of a conspiracy charge, actions often speak louder than words. In this regard you may, in determining whether an agreement existed, consider the actions and statements of each alleged co-conspirator as proof of whether a common design existed to act together to accomplish an unlawful purpose.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracies charged in the Indictment. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from them.

### Objective of the Conspiracy

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve.  The Indictment here charges that the conspiracy alleged in Count Five had as its objective the intent to distribute and the distribution of mixtures and substances containing marijuana.  I will explain the law regarding narcotics distribution later in my instructions.  If you find that the conspirators agreed to accomplish these objectives, the illegal purpose element will be satisfied.

### Second Element: Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question, which is whether the defendant knowingly and willfully became a member of the conspiracy. That is, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.  The Government alleges that the goal of the conspiracy was to distribute or possess with the intent to distribute marijuana.  The Government must prove beyond a reasonable doubt that the agreement was to distribute or possess with the intent to distribute marijuana.

Narcotics distribution has two elements:

**First**, Distribution or possession with the intent to distribute, and

**Second**, Knowingly and Intentionally

## **First Element - Distribution or Possession with Intent to Distribute**

The first element that the Government must prove beyond a reasonable doubt in order to prevail on Count Five is that the defendant whose case you are considering either "distributed a controlled substance" or "possessed a controlled substance with intent to distribute."

I instruct you as a matter of law that marijuana is a controlled substances. If you find that the Government has proved beyond a reasonable doubt that the substance involved was a controlled substance, its quantity or purity is immaterial.

The word "distribution" means the process of actual, constructive, or attempted transfer of a controlled substance. Simply stated, the word distribute means to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another. Distribution is not limited to and does not require a sale for consideration, such as money or barter. However, a sale for money or other consideration is a form of "distribution."

If the Government proves beyond a reasonable doubt that the Mr. Gyamfi actually distributed the drugs charged in Count Five, then you will find him guilty on that count.

Alternatively, the Government can satisfy its burden of proof beyond a reasonable doubt if it proves that the defendant "possessed the controlled substance" charged in a particular count with the "intent to distribute it."

"Distribute" has the meaning I just gave you-- the process of actual, constructive, or attempted transfer of a controlled substance.

"Intent" means conscious aim or objective. So "intent to distribute means having the conscious aim or objective to transfer the controlled substance to some other person.

The word "possession" means having custody or control of an object.

Control over an object may be demonstrated in many ways. A person can possess narcotics because he has a working relationship with a person who has physical custody of

the narcotics.  In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained.

A person need not be the only person exercising control over the controlled substance, but the person must exercise some control over it in order to be found to have possessed the controlled substance.  It is not necessary that a person have a controlled substance on his or her person in order to have possession of it.

Now, let me give you some examples of possession.  I have a pen in my hand.  There should be no doubt in your mind that I physically possess the pen.

Next, let's say I brought in some candy today to share with my staff, and I left it on my clerk's desk.  I do not physically possess the candy at the moment, but I do have control over it and so does he.  He controls his desk.  I am the one who brought in the candy.  I can be said to possess the candy jointly with him.

One more example:  Say I have a watch that's sitting in a safe deposit box and my husband and I are the only people who can get into that box.  Do we have possession of that watch?  Absolutely.  We have possession of it even though it is in the safe deposit box, because we control where it is and access to it.

Possession of a controlled substance cannot be found solely on the grounds that a person was near the controlled substance, or around a place where the controlled substance was stored, or that the person knew or associated with a person who is distributing the controlled substance.  You may consider these factors, however, in connection with all the other evidence in deciding whether a person possessed a controlled substance.  If the controlled substance is found in a location or under circumstances that convince you beyond a reasonable doubt that a person knew about the presence of the controlled substance and exercised control over it, whether alone or with others, then that is sufficient for you to find that the person possessed the controlled substance.

The Government need prove only that defendant distributed the controlled substance or possessed the controlled substance with the intent to distribute it. The Government can, but need not, prove both. However, you must be unanimous which conduct was proven beyond a reasonable doubt.

### Second Element - Knowingly and Intentionally

The second element that the Government must prove beyond a reasonable doubt is that the defendant whose case you are considering acted "knowingly" and "intentionally."

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; rather than by mistake or accident, or mere negligence, or some other innocent reason.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary that the defendant knew every other member of the conspiracy.

The duration and extent of the defendant's participation has no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when coupled with knowledge that a conspiracy is occurring. In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient. What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to

aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement - that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination of the conspiracy by its members.

So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until it terminates, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

**<u>Time of Conspiracy</u>**

Count Five alleges that the conspiracy existed from at least in or about 2016. It is not essential that the Government prove that the conspiracy started and ended within this specific time period. Indeed, it is sufficient if you find that a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

**Liability For acts and Declarations of Co-Conspirators (if necessary)**

I have admitted at this trial evidence of acts and statements of other individuals when such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendant, even if each defendant was not present for those acts and statements.

The reason for allowing this evidence has to do with the nature of a conspiracy. Under the law, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent or partner for the other conspirators in carrying out the conspiracy. Therefore, you may consider against the defendant any acts or statements made by anyone you find to have been his coconspirator, even if such acts or statements were not made in his presence or with his knowledge. Acts or statements made in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

The Government must prove beyond a reasonable doubt that the defendant knowingly and willfully ("willfully" and "knowingly" as defined in Count One) entered into the conspiracy with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective.

**DEFENSES**

**Defenses: Multiple Conspiracies [If Applicable]**

Whether there existed a single unlawful agreement or many such agreements, or indeed, no agreement at all is a question of fact for you the jury to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose a single conspiracy exists. By the way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

If you find that the conspiracy charged in the indictment did not exist, you cannot find Mr. Gyamfi guilty of the single conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that Mr. Gyamfi was a member of another conspiracy and not the one charged in the indictment, then you must acquit Mr. Gyamfi of the conspiracy charges. Therefore, what you must do is determine whether the conspiracies charged in the indictment existed. If they did, you must then determine the nature of the conspiracy and who were its members.

## CONCLUSION

Mr. Gyamfi respectfully requests that the foregoing instructions be given. He also requests leave to amend the proposed charges or submit additional charges as they become necessary.

Dated:      New York, New York
            February 19, 2019

                              Respectfully submitted,

                                   /s/

                              _____
                              Donald Yannella, Esq.
                              Karloff Commissiong, Esq.
                              *Attorneys for Andy Gyamfi*