

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

February 17, 2019

**VIA EMAIL**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/21/19
```

Re:   *United States v. Andy Gyamfi*, S6 16 Cr. 521 (JSR)

Dear Judge Rakoff:

As discussed at the final pretrial conference in the above-captioned case, the Government writes to provide additional detail regarding Witness-4's identifications of "Twin" in the days following Carlos Vargas's murder. As the Court is aware, Witness-4 is expected to testify that he was present at the time of the attempted robbery, and observed "Twin" to be the person who shot and killed Vargas.

Relevant here, the Government believes the evidence at trial will establish that after medical examiner personnel removed Vargas's body from 2466 Marion Avenue on April 28, 2016, Witness-4 left the area due to concerns that he would face liability as a result of his own marijuana dealing. Five days later, on or about May 3, 2016, Witness-4 was advised by a family member that the police were looking to question him with regard to the homicide. Despite concerns regarding his own criminal culpability, Witness-4 decided to assist the investigation into his friend's death, and conducted his own online research via social media to locate an image of the person he had seen that night—the person he knew only as "Twin"—so he could bring that picture to the police. Notably, Witness-4 found such a photograph by viewing the social media profiles of friends he shared in common with "A-Y"—the defendant, Andy Gyamfi.

The picture Witness-4 located and provided to the police on May 3, 2016 is a group photo depicting six individuals—three on the top row, and three on the bottom. That picture is attached hereto as **GX 331**. Witness-4 identified "Twin" to the detective as the person in the middle back row. That same day, Witness-4 showed the detective a page from "Twin's" Instagram account, an account registered under the name "blackvanderbilt." That page is attached hereto as **GX 332**.

February 17, 2019
Page 2

      A few days later, on May 9, 2016, Witness-4 returned to the police precinct. He was asked to view an additional photograph, and identified that photograph as depicting the person he knew as "Twin" by marking the photograph and signing at the bottom. This picture is attached hereto as **GX 333**.

      Finally, on June 7, 2016, Witness-4 returned to the precinct to view a six-pack photo array. From that six-pack, he again identified the person he knew from the murder, "Twin," as being in the sixth position in the array. That photoarray is attached hereto as **GX 334.**

      As these exhibits make clear, in no case did Witness-4 provide only a verbal identification of the person he saw the night of Vargas's death. Instead, each statement was made directly to law enforcement, and each statement was coupled with an identifying record—either a photograph that depicted Dwaine Collymore or, in the case of the Instagram page, social media information for an account that the Government will establish at trial was under the control of Collymore.

      As the defense acknowledged in their response brief, "[w]hen that evidence constitutes statements made regarding an identification, those statements are admissible as non-hearsay evidence, unless the 'identification is, 'so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law.'" (Def. Resp. at 10, Dkt. No. 94 (quoting *United States v. Salameh*, 152 F.3d 88, 125 (2d Cir. 1998)).) The defense does not argue that Witness-4's prior identifications to law enforcement, each made with accompanying documentary evidence, run afoul of this proscription, or would there be any merit to such an argument. *See, e.g., United States v. FNU LNU*, 578 F. App'x 27, 28 (2d Cir. 2014) (affirming admission of witness testimony about prior identification of photographs from family photo albums). For the reasons already stated in the Government's briefing, the Government should be permitted to elicit Witness-4's prior identifications to law enforcement at trial.

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney for the
      Southern District of New York

By: \_\_\_/s/_____
    Jessica Fender
    Maurene Comey
    Assistant United States Attorneys
    (212) 637-2276 / 2324



Search    Search



**blackvanderbilt**    [ FOLLOW ]

**Trini** The seed must grow regardless  Of the fact that its planted in stone 🌱REALRICHMUSIC🌱 youtu.be/hHwQjRgGwGM

**98** posts    **1,166** followers    **1,466** following

### This Account is Private

Request to follow blackvanderbilt to
see their photos and videos.

ABOUT US   SUPPORT   BLOG   PRESS   API   JOBS
PRIVACY   TERMS   LANGUAGE
© 2016 INSTAGRAM



GOVERNMENT EXHIBIT 332
S6 16 Cr. 521 (JSR)

https://www.instagram.com/blackvanderbilt/                     5/3/2016



 

**PHOTO ARRAY PRE-VIEWING INSTRUCTIONS REPORT**

PD 373-112 (Rev. 10-11)

GOVERNMENT EXHIBIT 334 S6 16 Cr. 521 (JSR)

## CASE INFORMATION AND WITNESS INSTRUCTIONS

| Complaint Report No. | Crime Committed | Date of Crime |
|---|---|---|
| 2016-046-03959 | MURDER | 04/28/2016 |

Location of Crime

2466 MARION AVENUE APT# 2-C

| Photo Array Date | Time | Location |
|---|---|---|
| 06/06/2016 | 12:50 | 2120 RYER AVENUE |

| Witness' Name | Was Witness Transported |
|---|---|
| WINSTON DESGOUTTES | ☐ Yes  ☒ No |

| Transporting Officer's Rank/Name | Command | Tax No. |
|---|---|---|
| N/A | N/A | N/A |

| Photo Array Administrator's Rank/Name | Command | Tax No. |
|---|---|---|
| DT3 VIVIAN MORALESBELL | 269 | |

## READ THE FOLLOWING TO THE WITNESS PRIOR TO SHOWING THE PHOTO ARRAY

- As part of the ongoing investigation into a crime that occurred at 2466 MARION AVENUE APT# 2-C (Location) on 04/28/2016 (Date), you are about to view a photo array.

- It consists of six photographs of individuals. Each photograph has a number underneath the photograph.

- Take whatever time you want to view the photo array.

- The perpetrator may or may not be among the pictures.

- Do not assume that I know who the perpetrator may be.

- Do not ask me or anyone else in the room for guidance during the procedure.

- Individuals presented in the photo array may not appear exactly as they did on the date of the incident because features such as head and facial hair are subject to change.

- Photographs may not always depict the true complexion of a person; it may be lighter or darker than shown in the photo.

- Pay no attention to any markings that may appear on the photos, or any other difference in the type or style of the photographs.

- Do not discuss with other witnesses what you see, say or do during this procedure.

- After you have had an opportunity to view the photo array I will ask you the following three questions:
    1. Do you recognize anyone?
    2. If you do, what is the number of the person you recognize?
    3. From where do you recognize the person?

- I may ask you follow-up questions.

### WITNESS INITIAL:

| The above instructions have been read to me: | (Initials) | Date: 06-07-16 @ 1254 hrs |
|---|---|---|

| Prepared by (Rank, Name Printed) | Tax No. | Cmd. | Date Prepared |
|---|---|---|---|
| DT3 VIVIAN MORALESBELL | 3503-013 | 269 | 06/06/2016 |

 

# New York City Police Department

## Photo Array

Index # 350185                             Photo Unit Array #16-0694

| 1 | 2 | 3 |
| 4 | 5 | 6 |

Identification made: ☑ YES  ☐ NO          Photo selected: # 6

Date of Identification Procedure: 06/07/2016    2156 hrs.



# PHOTO ARRAY VIEWING REPORT
PD 373-154 (Rev. 10-11)

## PART A - SHOWING THE PHOTO ARRAY

| Witness Name | Administrator | Date |
|---|---|---|
|  | DT3 VIVIAN MORALESBELL | 6/7/16 |

| Interpreter Used? | ☐ Yes ☒ No | Name of Interpreter: N/A | | Command: N/A | Tax No.: N/A |
|---|---|---|---|---|---|

If Interpreter is Not a Member of the Service, List Name, Address and Telephone No.
N/A

List any Additional Members of the Service Present:

| Rank/Name | Tax No. | Cmd. | Rank/Name | Tax No. | Cmd. |
|---|---|---|---|---|---|
| Det Seagan | [redacted] | 045 | none | none | none |

**Instructions to the Administrator Showing the Photo Array:**
- Remain neutral. Do not comment on the identification before, during or after the identification procedure.
- Place the photo array in a closed letter-size manila folder when handing it to the witness.
- Stand out of the witness' line of sight, where practical, but still observe the witness as the witness views the photo array.
- So as not to distract the witness, do not comment during identification procedure.

## PART B - AFTER THE WITNESS HAS VIEWED THE ARRAY, ASK THESE QUESTIONS

Did you recognize anyone in the photo array?  **yes**
If so, what is the number of the person that you recognize?  **6**
From where do you recognize that person?

*From the murder that morning.*

Record words and gestures of the witness:

**If the Witness Gives a Vague Answer**  (for example: "I think it is..." or "It might be...")
Then say the following: **You said** _____
(insert witness' words, e.g., "I think it is...")

What do you mean by that? (record the witness' answer)

*Thats the gunman I recoginize in picture #6.*

Date: **06/04/16**   Time: **2156**   Witness Signature: _____

**FINAL INSTRUCTION TO WITNESS:**
*Do not discuss with any other witness what you observed or said during this identification procedure.*

| Prepared by (Rank, Name Printed) | Tax No. | Cmd. | Date Prepared |
|---|---|---|---|
| DT3 VIVIAN MORALESBELL | [redacted] | 269 | 06/07/2016 |