UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– v. –<br><br>ANDY GYAMFI,<br><br>                 Defendant. | S6 16 Cr. 521 (JSR) |

**THE GOVERNMENT'S PROPOSED**
**EXAMINATION OF PROSPECTIVE JURORS**

                                                                GEOFFREY S. BERMAN
                                                                 United States Attorney
                                                                 Southern District of New York
                                                                 Attorney for the United States of America

Maurene Comey
Jessica Fender
Assistant United States Attorneys
*Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– v. –

ANDY GYAMFI,

Defendant.

S6 16 Cr. 521 (JSR)

# THE GOVERNMENT'S PROPOSED
# EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

## The Charges

1. This is a criminal case. The defendant is ANDY GYAMFI, also known as "A Smooth," "A-Y," and "A." The defendant has been charged in an Indictment with violating certain federal laws. The Indictment was filed by a grand jury sitting in this district, and it contains five counts.

2. The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it inappropriate for any of you to serve on the jury.

1

3. Count One of the Indictment charges that the defendant conspired – that is, agreed – with others on or about April 28, 2016 to rob individuals who were involved in the distribution of marijuana, in the vicinity of 2466 Marion Avenue in the Bronx, New York.

4. Count Two charges the defendant with aiding and abetting the attempted robbery of individuals who were involved in the distribution of marijuana on or about April 28, 2016, in the vicinity of 2466 Marion Avenue in the Bronx.

5. Count Three charges the defendant with aiding and abetting the use, carrying, and possession of a firearm during and in relation to and in furtherance of the attempted robbery charged in Count Two, which firearm was discharged.

6. Count Four charges the defendant with aiding and abetting the use, carrying, and possession a firearm during and in relation to and in furtherance of the attempted robbery charged in Count Two, which firearm was used by another person in the course of that crime to cause the death of a person, Carlos Vargas, in the vicinity of 2466 Marion Avenue in the Bronx.

7. Count Five charges the defendant with conspiring to distribute and possess with intent to distribute marijuana in or about 2016.

8. Do any of you believe that you have personal knowledge of the events charged in the Indictment as I have described them?

### Knowledge of the Trial Participants

9. We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. It is vital that you provide truthful

answers to these questions. They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

10. As I already mentioned, the defendant in this case is ANDY GYAMFI, also known as "A Smooth," "A-Y," and "A." [Please ask the defendant to stand when his name is called.] Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend, or associate of the defendant?

11. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

12. The defendant is represented by Donald Yannella, Esq., and Karloff Commissiong, Esq. [Please ask counsel to stand when his name is called.] Do any of you know Mr. Yannella or Mr. Commissiong? Have any of you had dealings, either directly or indirectly, with Mr. Yannella, or Mr. Commissiong?

13. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Geoffrey S. Berman. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Maurene Comey and Jessica Fender. They will be assisted by a paralegal specialist in that office, Aashna Rao. [Please ask counsel and the paralegal to stand when their names are called.] Do any of you know Mr. Berman, Ms. Comey, Ms. Fender, or Ms. Rao? Have you had any dealings, either directly or indirectly, with any of these individuals?

14. At various points during the trial, the Government attorneys will be assisted by Investigator Antoinette Guzman, also of the United States Attorney's Office for the Southern

District of New York, and Detective Steven Smith of the New York Police Department. Do any of you know Investigator Guzman or Detective Smith?

### Relationship with Government

15. Do any of you know, or have any association — professional, business, or social, direct or indirect — with any member of the staff of the United States Attorney's Office for the Southern District of New York, the New York City Police Department (also known as "NYPD"), or the Office of the Chief Medical Examiner (also known as "OCME")? Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

16. Do any of you have any bias, prejudice, or other feelings for or against the United States Attorney's Office, the NYPD, OCME, or any other law enforcement agency?

17. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the Internal Revenue Service? Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

18. Have you or any member of your family or friend or relative ever been a party to a legal dispute involving law enforcement officials? [If yes: What was the nature of the dispute? Did the dispute leave you with any favorable or unfavorable opinions, feelings, biases or prejudice toward law enforcement officials? Did you retain the services of a lawyer for this legal dispute? If yes: Did you form any opinion favorable or un-favorable about lawyers?]

19. Have you, or any family member, either as an individual or in the course of business, ever been subject to an investigation by the NYPD or any other law enforcement agency,

or otherwise been a party to any dispute or legal action involving the NYPD or any other law enforcement agency?

20. Have you or any family member ever served in any branch of the military? If so, were you or your family member ever involved in a court martial?

21. Have you or any member of your family or relatives or friends had contact with a criminal defense attorney? [If yes: What were the circumstances of that contact? Did the contact leave you with any favorable or un-favorable opinions about criminal defense attorneys? Is there anything at all about criminal defense attorneys that would prevent you from rendering a fair and impartial verdict in this case?]

### Relevant Names and Locations

22. I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

**[The Government will provide this information prior to jury selection.]**

Do any of you know any of these people? Have you had any dealings, either directly or indirectly, with any of these individuals?

23. I will now let you know about some locations or businesses that may be mentioned or shown during the trial:

**[The Government will provide this information prior to jury selection.]**

Are any of you familiar with these locations?

### Ability to Render Fair Verdict / Nature of the Charges

24. As I explained earlier, two of the charges against the defendant in this case are that he agreed to commit certain crimes, which agreement, as I will explain in more detail later,

is itself a crime.  Does any juror feel that the law should not separately prohibit agreements to commit crimes, as opposed to the commission of the crimes themselves, even if the underlying crime is not successfully completed?

25. The object of the first conspiracy charge in this case pertains to armed robbery.  Do any of you have an opinion about the enforcement of the federal law concerning armed robberies which might prevent you from being fair and impartial in this case?

26. The object of the other conspiracy charge in this case pertains to the distribution of and possession with intent to distribute marijuana.  Do any of you have an opinion about the enforcement of the federal law concerning marijuana, which might prevent you from being fair and impartial in this case?

27. In this case, it is alleged that the defendant conspired to commit the armed robbery of individuals who were selling marijuana, and that during the attempt to commit that robbery one of the defendant's co-conspirators murdered one of the individuals who was selling marijuana.  It is further alleged that the defendant himself conspired to distribute and possess with intent to distribute marijuana.  Do any of you have an opinion about the use or sale of marijuana which might prevent you from being fair and impartial in this case?

28. As I just mentioned, it is alleged that someone other than the defendant carried out the attempted robbery and murder, and that the defendant aided and abetted—or provided assistance—to that other person or persons, but did not personally carry out the attempted robbery or murder himself.  Under the law, someone who aids and abets a crime is also guilty of that crime.  Do any of you have an opinion about the law of aiding and abetting liability which might prevent you from being fair and impartial in this case?

29. Additionally, the murder charge in this case is charged as what is called a felony murder. Under the law, someone who participates in certain crimes, including robbery, are legally responsible if another participant in the robbery causes a victim's. Do any of you have an opinion about the law of felony murder which might prevent you from being fair and impartial in this case?

30. As you can tell, during the trial, you will hear evidence concerning armed robbery and murder. Does the fact that the case involves such charges make it difficult for any of you to render a fair verdict? Do any of you feel that you could not decide fairly and impartially a case involving such charges?

31. Has any juror been involved in an offense involving robberies or firearms? Has any juror's relative, close friend or associate been involved in an offense involving robberies or firearms? Has any juror, or any member of the juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with robberies or firearms?

32. Has any juror been involved in an offense involving murder? Has any juror's relative, close friend, or associate been involved in an offense involving murder? Has any juror, or any member of the juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with murder?

33. Has any juror been involved in an offense involving drug dealing? Has any juror's relative, close friend, or associate been involved in an offense involving drug dealing? Has any juror, or any member of the juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with drug dealing?

34. Do any of you have any opinion about the enforcement of federal laws generally that might prevent you from being fair and impartial in this case?

35. Do any of you have an opinion about the authority or right of the Government to enforce robbery, firearm, or marijuana laws that would affect your ability to be fair and impartial in this type of case?

36. Do any of you feel, for any reason, that you could not view fairly and impartially a case involving robbery or firearms laws, or the laws governing murder? Do any of you feel, for any reason, that you could not view fairly and impartially a case involving robbery or murder because the victims of those alleged crimes were involved in the sale of marijuana?

37. Do you have any opinion about the enforcement of the federal drug laws that might prevent you from being fair and impartial in this case?

38. Do you have any opinion about the laws concerning marijuana that might prevent you from being fair and impartial in this case? Do you believe that the distribution of marijuana should not be illegal, or that the laws governing this crime should not be enforced?

39. Have you ever been involved in an offense involving drugs? Has any relative, close friend, or associate been involved in an offense involving drugs? Have you, or any member of your family, or any close friend, had any experiences of any kind, directly or indirectly, with narcotics or other controlled substances, including marijuana?

40. Have you ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to the narcotics policies of the United States? If so, when and what did you do? Have you ever supported or belonged to any organizations involved in such work?

41. Do you own a gun?  Have you ever received training in the use of guns?

42. Does the fact that the charges involve the alleged illegal use of guns affect your ability to render a fair verdict?  Do you have any opinion about the enforcement of the federal firearms laws that might prevent you from being fair and impartial in this case?

43. Have you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to drugs or firearms?  If so, when and in what way?

44. Has any juror formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be a crime?

45. The witnesses in this case may include law enforcement personnel, including NYPD officers.  Would any juror be more likely to believe or disbelieve a witness merely because the witness is an NYPD officer or other law enforcement officer?

46. The Government will present testimony at this trial from individuals who were involved, directly and or indirectly, in the sale of marijuana and will be testifying under a court order preventing their testimony about the sale of marijuana from being used against them in a future case.  Do you have any opinions about the Government's use of such witnesses that might prevent you from being fair and impartial in this case?

47. You will hear testimony in this case from accomplice witnesses, that is, witnesses who at one time were involved in the charged attempted robbery and murder, but are now testifying on behalf of the Government.  I instruct you that the use of accomplice witnesses is perfectly legal and is often a necessary law enforcement tool.  Do you have any experience with or feelings about the use of accomplice witnesses generally, or the use of evidence or information

9

obtained from accomplice witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from an accomplice witness?

48. Some of the evidence admitted at trial may come from search warrants, including search warrants for information from Internet Service Providers such as Google and social media providers such as Facebook. I instruct you that such evidence was legally obtained and that certain evidence obtained from such warrants is admissible in this case. Do you have any unfavorable opinion about such evidence or the use of such evidence at trial?

49. Some of the evidence admitted at trial may consist of cellphone location information obtained from cellphone service providers, such as T-Mobile or Sprint, pursuant to a court order. I instruct you that such evidence was legally obtained and that certain cellphone location information obtained by court order is admissible in this case. Do you have any unfavorable opinion about such evidence or the use of such evidence at trial?

50. The defendant is charged with acting with others in committing the alleged crime. Those other individuals are not on trial in this case. You may not draw any inference, favorable or unfavorable, towards the defendant or the Government from that fact. You also may not speculate as to the reason why other persons are not on trial at this time. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

51. Does anyone have any expectations about the types of evidence that the Government might present in all criminal trials? Would any of you be unable to follow my instructions that the Government is not required to use any particular technique when investigating and presenting evidence of a crime?

**Prior Jury Service**

52. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where did you serve?

53. Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without telling me what the verdict was, did the jury reach a verdict?

**Experience as a Witness, Defendant, or Crime Victim**

54. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

55. Have you, or have any of your relatives or close friends, ever been a witness or a complainant in any hearing or trial, state, or federal? Have you ever been a witness or a complainant in any federal or state prosecution? [If yes: Please state the circumstances of the case. As a result of having been a witness did you form any favorable or unfavorable opinions regarding judges, law enforcement officials, or lawyers?]

56. Are you, or is any member of your family, or any close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case? [If yes: Do you know what kind of criminal case? Which party served you with the subpoena?]

57. Have you, or have any of your relatives or close friends, ever been the subject of any investigation or accusation by any grand jury, federal or state, or by any

Congressional Committee? [If yes: What was the nature of the investigation or the accusation? Has the matter been resolved at this time?]

        58.    Have you, or has any member of your family, any associate, or close friend, ever been charged with a crime? [If yes: What was the crime? Has the matter been resolved and how? Did the resolution of the matter leave you with any favorable or unfavorable feelings toward law enforcement or lawyers?]

        59.    Have you, or any of your close friends or relatives, ever been a victim of a crime? [If yes: What was the crime? Has the matter been resolved and how? Did the resolution of the matter leave you with any favorable or unfavorable feelings toward law enforcement or lawyers?]

        60.    Have you, or any of your close friends or relatives, ever been stopped or questioned by any member of the NYPD or other law enforcement agency? [If yes: Where were the circumstances of each incident? How did you feel you were treated by law enforcement?]

### **Problems with Perception**

        61.    Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

        62.    Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

        63.    Do any of you have any difficulty reading or understanding English in any degree?

## Function of the Court and Jury

64. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finders. When it comes to the law, however, you must take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment, based on the law as I give it to you. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

65. Under the law, the question of punishment, if any, is for the Court to decide, and thus the issue of possible punishment must not enter into your deliberations as to whether the defendants have proven guilty beyond a reasonable doubt. However, the death penalty is NOT a possible punishment in this case. Are any of you unable to accept that instruction? If so, please raise your hand.

66. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to the guilt or innocence of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

67. Do any of you have any legal training, or have any relative or close friend who is an attorney? If so, would this prevent you from applying the law in this case as stated by the Court? Will each of you accept my instruction that you are not to discuss this case with anyone, including attorneys you may know, or read press reports about this case, if any exist, until you are excused as jurors?

68. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

69. Does any juror have any religious, philosophical, or other belief that would make him or her unable or potentially unwilling to render a guilty verdict for reasons unrelated to the law or evidence?

70. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?

## **Trial Schedule**

71. After the jury is selected, we will begin opening statements and then the presentation of evidence. The trial in this case should last approximately two weeks. The Court expects that the court day will last from about today, February 26, 2019 through about Friday,

March 8, 2019. Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for the juror to serve?

### Juror's Background

72. The Government respectfully requests that the Court ask each juror to state the following information:

    a. the juror's family status;

    b. the juror's occupation and educational background;

    c. the name and town or county of the juror's employer;

    d. the period of employment with that employer;

    e. the same information concerning other employment within the last five years;

    f. the same information with respect to the juror's spouse, any working children, and any working members of the juror's household;

    g. the area in which the juror resides, how long he or she has lived there, and, the same information (if applicable) for the past five years;

    h. what newspapers and magazines the juror reads and how often;

    i. what television shows the juror watches; and

    j. what else the juror does in his or her free time.

### Requested Instruction Following Impaneling of the Jury

73. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may

be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys, the defendant, and the witnesses in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

74. In this regard, do not talk about or read about the facts or circumstances of this case on social networking sites such as Facebook, Instagram, or Snapchat, and you should not "tweet" about your experience here on Twitter.  Do not do any research or investigation about the case or anything touching upon the case.  Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.

75. Finally, keep an open mind throughout the trial and reserve judgment until after all the evidence is received.  Until you have heard all the evidence, the closing arguments, and my instructions on the law, you are really not in the position to reach any conclusions in this case, so keep an open mind until you begin deliberating.

76. In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside the courtroom. Please do not wait in the courtroom.

Dated: New York, New York
February 21, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: /s/
Maurene Comey & Jessica Fender
Assistant United States Attorneys
(212) 637-2324 / 2276