UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-

ANDY GYAMFI,

       Defendant.
-----------------------------------------------------------x

16 Cr 521 (S1)(JSR)

## DEFENDANT ANDY GYAMFI'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

Defendant Andy Gyamfi respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the government or the defendant.

The defense requests that the Court provide the following summary of the case and ask the following questions, in addition to the questions it generally asks.

## SUMMARY OF THE CASE

This is a criminal case. The defendant is Andy Gyamfi. The defendant has been charged in an Indictment with violating certain federal laws. The Indictment was filed by a grand jury sitting in this district. The Indictment contains a number of charges, and at the conclusion of the case, I will explain to you in more detail the specific legal elements which the Government must prove in order to establish criminal violations of these various federal laws.

The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

The Indictment consists of five counts. Count One charges what is called a "conspiracy". I will explain in detail at the end of this case what a conspiracy is, but for our purposes today, a conspiracy is an illegal agreement between two or more people to commit a crime. The first Count alleges that the defendant and others, conspired to commit a robbery in the Bronx, New York.

Count Two charges Mr. Gyamfi and others attempted to commit a robbery in the Bronx, New York.

Count Three charges Mr. Gyamfi with aiding and abetting the possession of a firearm, which was discharged.

Count Four charges that during the attempted robbery in the Bronx, Mr. Gyamfi aided and abetted the use of a firearm, a handgun, resulting in the death of Carlos Vargas.

Count Five charges Mr. Gyamfi with distributing and possessing with intent to distribute marijuana.

An indictment is simply the document used to advise a defendant of the accusations against him. The indictment is not evidence. Mr. Gyamfi is presumed to be innocent. He has denied the allegations and has pleaded not guilty to all charges. The government has the burden of proof under our system of law. Therefore, in order to find either defendant guilty of any crime, you must find that the prosecution has proven each and every element of that crime as to that defendant beyond a reasonable doubt. The defendant has no obligation to produce any evidence or do anything else at trial. This is because the law presumes a defendant to be innocent of the charges brought against him. If you are selected as a juror in this case, it will be your duty to determine, based solely on the evidence presented at trial, whether the government has proven beyond a reasonable doubt that the defendant are guilty of the crimes charged.

## A.    General Questions

1. Have you or any member of your family or close friend worked in or applied for a position in the United States Attorney's Office, the District Attorney's Office, the Federal Bureau of Investigation, the Department of Homeland Security, U.S. Immigration and Customs Enforcement, the New York City Police Department, the Drug Enforcement Administration or any other law enforcement agency?

2. Are you or do you have any relatives or close friends who are judges, law clerks, court clerks or other court personnel, probation officers, or persons connected with any correctional institution, jail or penitentiary?

3. Do you have any feelings, beliefs or opinions regarding criminal defense lawyers and their role

within the criminal justice system?

4. Have you or has a family member, friend, acquaintance or coworker ever been a witness to or the victim of a crime?

5. Is there anything about the nature of the charges - allegations that concern acts of extreme violence, including a murder, conspiring to commit a robbery, discharge of a firearm and conspiring to distribute a controlled substance - that makes you feel that it would be difficult for you to render a fair and impartial verdict in this case?

6. Does anyone have any particular feelings about these types of charges that would affect you as a juror in this case? Having heard a very broad outline of the charges, has anyone formed an opinion on the case?

7. Has anyone here personally been a victim of a violent crime, such as being shot or assaulted? [Counsel requests that the Court call any such jurors to the sidebar for further examination.]

8. Does anyone have a family member or close friend who has been murdered or who has been shot or assaulted? [Counsel requests that the Court call any such jurors to the sidebar for further examination.]

9. Does anyone have any personal experience with firearms? What kind of experience was that? Does anyone own a gun or live in a home where a gun is kept?

10. Has anyone personally been addicted to drugs or had a family member or close friend who has been addicted to any type of drug, including marijuana? [Counsel requests that the Court call any such jurors to the sidebar for further examination.]

11. Has anyone personally been involved with a drug- or alcohol-addiction program either as a counselor or as a participant? [Counsel requests that the Court call any such jurors to the sidebar for further examination.]

12. Does anyone have a family member or close friend who has been involved with a drug or alcohol addiction program as a counselor or as a participant? [Counsel requests that the Court call any such jurors to the sidebar for further examination.]

13. Has anyone personally been or had a family member or close friend who has ever been arrested for the possession or sale of a controlled substance? [Counsel requests that the Court call any such jurors to the sidebar for further examination.]

14. Has anyone had a family member or close friend who died of an overdose of a controlled substance? [Counsel requests that the Court call any such jurors to the sidebar for further examination.]

15. Has anyone personally lived or had a family member or close friend who lived in a building where a controlled substance were being sold or in close proximity to where controlled substances were being sold?

16. Does anyone have feelings on the issue of controlled-substance distribution that it make it difficult for you to be a fair and impartial juror?

17. Mr. Gyamfi is of West African descent. Do you think individuals of certain racial or ethnic backgrounds are more likely to commit crimes than others?

18. Do you think individuals of certain racial or ethnic backgrounds are more likely to commit the types of crimes charged in this indictment?

19. Do you have any assumptions, opinions, or feelings about Mr. Gyamfi based on his race or nationality?

20. Does Mr. Gyamfi's race/nationality affect your ability to be fair or impartial to him in any way?

21. Does anyone have negative feelings regarding the lyrics of rap music?

22. Does anyone have negative feelings regarding the images in rap music videos?

23. Does anyone believe that individuals who perform rap songs, and appear in rap videos are more likely to commit the types of crimes charged in this indictment?

24. Does anyone believe that the lyrics in rap videos depict the truth of the individual that performs the lyrics?

25. Does anyone believe that the images in rap videos depict the truth of the individuals that appear in the videos?

26. Have you or has a family member or close friend ever appeared or testified as a witness in any investigation or legal proceeding?

27. Are you or is anyone close to you, including family or friends, now under subpoena or about to be subpoenaed in any criminal case?

28. Have you ever been questioned or subpoenaed in any matter by the New York City Police Department, the Department of Justice or any United States investigative agency such as the Federal Bureau of Investigation, the Drug Enforcement Administration, U.S. Immigration and Customs Enforcement, the Department of Homeland Security, the Internal Revenue Service, the Bureau of Alcohol, Tobacco and Firearms or any other law enforcement agency?

29. Every defendant is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence in the case, decides that his guilt has been proven beyond a reasonable doubt. The burden of proving guilt rests entirely with the government. It never shifts to the defendant at any time. The defendant has no burden of proof at all. Would you have any difficulty following these rules?

30. Under the law, a defendant need not testify. If a defendant does not testify, the jury may not consider that fact in any way in reaching a decision as to whether a defendant is guilty or not guilty. Would you have any difficulty following this rule of law?

31. A defendant has no obligation to testify. Should a defendant decide to testify, that does not shift the burden of proof to the defendant or diminish the obligation of the government to prove the defendant's guilt beyond a reasonable doubt. The government always carries this burden of proof in a criminal trial. Will you have any difficulty following this rule of law?

32. An indictment itself is not evidence. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of the defendant' guilt. Are you able to follow this rule of law? Do you presume the defendant to be innocent?

33. Several witnesses in this case will be law enforcement officers. Do you hold any beliefs or opinions that would prevent you from evaluating the testimony of a law enforcement officer fairly and impartially?

34. A law enforcement witness is to be treated like any other witness, meaning his testimony is not to be given any more or less credibility than any other witness's testimony. Would you be able to follow the Court's instructions in this regard?

35. If you are chosen to serve as a juror, you are obligated to vote for acquittal if you have a reasonable doubt as to the defendant's guilt just as you are obligated to vote for conviction if you have no reasonable doubt. Do you understand that this is what the law requires? Do you agree?

36. Does any juror have any personal knowledge of the charges in the Indictment as I have described them?

37. Does any juror feel that he or she could not view fairly and impartially a case involving such charges?

38. Does each juror realize that the indictment in this case is merely a formal legal pleading, a piece of paper which commences a case but which has no evidentiary weight or significance during the course of this trial whatsoever?

39. Do each of you understand that an indictment is not evidence of guilt?

40. Do any of you have any opinion about the enforcement of the laws which apply here which might prevent you from being fair and impartial in this case?

**B.    Juror's Background**

Defendant respectfully request that the Court ask each juror to state the following information:

1. Occupation and educational background;

2. General location of the juror's employment;

3. Period of employment with that employer;

4. Nature of the juror's work;

5. The same information concerning other employment within the last five years;

6. The same information with respect to the juror's spouse, any working children, or other person with whom the juror resides;

7. Clubs and organizations that the juror is a member of (including labor unions);

8. The town in which the juror resides;

9. The length of time in which the juror has lived there;

10. The town in which the juror resided prior to residing in their current town;

11. Magazine and newspaper subscriptions;

12. Television programs that the juror watches regularly;

13. Any hobbies or similar non-work activities in which the juror regularly participates.

**C.    Knowledge of the Trial Participants**

1. Does any juror know, or has he or she had any contact, directly or indirectly, with the defendant, or with any relative, or friend or associate of the defendant?

2. Does any juror have any relatives, friends, associates, or employers who know or who have had any contact with the defendant?

3. Do any of you know, or have any association - professional, business, or social, direct or indirect - with any member of the staff of the United States Attorney's Office for the Eastern or Southern Districts of New York or any other prosecutor's office; or any other law enforcement agency?

4. Does any juror have any bias or prejudice or other feelings for or against the United States Attorney's Office, or any other law enforcement agency?

**D.   Experience with Litigation**

1. Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any lawsuit?

2. Have you, or has any member of your family, either as an individual or in the course of his business, ever been a party to any legal action or dispute against the United States or any of the officers, departments, agencies or employees of the United States, or had any interest in any such legal action or dispute or its outcome?

3. Have you, or any member or your family, ever been a party to a legal action or dispute with the any law enforcement agency, government officers or employees?

**E.   Prior Jury Service**

1. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county, or city court? [If an juror answers affirmatively, inquire to ensure that the juror understands the differences in the burden of proof in a grand jury proceeding as opposed to a trial].

2. Have you ever served as a juror in trial in any court?

    A.   If so, when and in what court did you serve?

    B.   Was it a civil or criminal case?

    C.   Did the jury reach a verdict?

For those prospective jurors who have sat as jurors in civil cases:

3. Do you understand that the burden of proof that the government has to satisfy in a criminal case is far higher than the burden of proof in a civil case?

4. Do you understand that in criminal cases the prosecution's burden of proof is proof beyond a reasonable doubt as to each and every element of each crime charged?

**F.   Experience as a Witness, Defendant, or Crime Victim**

1.  Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

2.  Have any of you ever been a witness or a complainant in any prosecution, state or federal?

3.  Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

4.  Have you, or has any relative, neighbor, or close friend, ever been charged with a crime?

5.  Has any juror or any relative, neighbor, or close friend ever been the subject of any investigation or accusation by any grand jury, federal or state, or by any Congressional Committee?

6.  Has any juror, or any friend or relative of any juror, ever been a victim of a crime?

7.  Does any juror have a problem with his or her hearing or vision which would prevent him or her from giving full attention to all the evidence at this trial?

8.  Does any juror have any difficulty in reading or understanding English?

## G.  Function of the Court and Jury

The function of the jury is to decide questions of fact. You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the government has established beyond a reasonable doubt whether or not the defendant are guilty of one or more of the offenses charged in the Indictment.

1.  Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

## H.  Presumption of Innocence, Burden of Proof, and Right to Remain Silent

1.  Is there any juror who feels that if the evidence did not establish a defendant's guilt beyond a reasonable doubt he or she might not be able to render a not guilty verdict for reasons unrelated to the law and the evidence?

2.  Do all of you accept and believe in the principle of American justice that all persons are

        presumed innocent until proven guilty beyond any reasonable doubt?

3. Will each of you follow the Court's instruction that each of the defendant must be presumed innocent until guilt is proved beyond any reasonable doubt as to each and every element of each of the offenses charged, and that this presumption continues in effect throughout this entire trial?

4. Do you understand that for each defendant, all the elements of the crime charged must be proven beyond a reasonable doubt, and that if one element of this crime is not proven as to a particular defendant, you must find that defendant not guilty?

5. As each of you sit here now, without having heard a Word of testimony, do you in fact presume that each of the defendant is innocent of the charged offenses?

6. Does any juror have any feeling that the defendant would not have been charged unless they had done something wrong?

7. If any juror has such an attitude, do you understand that you must completely reject that attitude, or you would be violating your duty as a juror in this case?

8. Do all of you understand that under our law and system of justice, the burden of proving a case beyond a reasonable doubt is always on the prosecution, and remains there during the entire trial?

9. Will all of you follow the law and compel the government to prove beyond any reasonable doubt that each of the defendant is guilty as charged?

10. Do you also understand that under the law each of the defendant has no obligation to prove or disprove any fact, or to prove anything whatsoever?

11. Do you also understand that the defendant do not have to *prove* their innocence or rebut the prosecutor's allegations?

12. Do any of you have any reservations about these principles?

13. If either of the defendant do not testify, which is their absolute right, will each of you follow the Court's instruction that you may draw no inference of guilt from the defendant exercising their constitutional right not to testify?

14. Will each of you promise me that, after hearing all the evidence and listening to the Court's charge on the law, if you have a reasonable doubt as to either of the defendant' guilt, you will vote for acquittal because of that reasonable doubt, even if you think that, more likely than not, a defendant committed the crime charged?

15. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind for any reasons whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

**Requested Instruction Following Impaneling of the Jury**

From this point on until you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family or friends.

If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, even to offer a friendly greeting, and have been directed not to do so.

Accordingly, if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not think that they are being rude or discourteous. They will only be acting properly by doing so.

Dated:    New York, New York
          February 22, 2019

                                        Respectfully submitted,


                                        Donald Yannella
                                        Karloff Commissiong
                                        Attorneys for Andy Gyamfi