

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J Mollo Building*
*One Saint Andrew s Plaza*
*New York, New York 10007*

February 19, 2019

**VIA EMAIL**
The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

)C SDNY
'MENT
.RONICALLY FILED
A )( #:
DATE FILED: 2/26/19

Re:   *United States v. Andy Gyamfi*, S6 16 Cr. 521 (JSR)

Dear Judge Rakoff:

The Government respectfully submits this letter in further support of its motion *in limine* seeking a preliminary ruling regarding the elements of 18 U.S.C. §§ 924(j)(1) and 2. For the reasons set forth below, the Court should instruct the jury that in order to satisfy the *mens rea* requirement of 18 U.S.C. § 924(j)(1), the Government must prove: (1) that the defendant intentionally aided and abetted the attempted robbery of Carlos Vargas; and (2) that the defendant had advance knowledge that another participant would possess a gun during the attempted robbery.

The defendant is charged in the above-referenced superseding indictment with five counts. Relevant here, Count Two charges the defendant with aiding and abetting an attempted robbery, in violation of 18 U.S.C. §§ 1951 and 2; and Count Four charges the defendant with aiding and abetting the possession of a firearm, which was used to kill Carlos Vargas during the course of the attempted robbery charged in Count Two, in violation of 18 U.S.C. §§ 924(j)(1) and 2. With respect to Count Four, the requisite *mens rea* has two components: first, the intent to aid and abet the underlying attempted robbery, and second, the advance knowledge that a co-conspirator will carry a gun during the underlying attempted robbery. This two-part requirement is consistent with the relevant cases in the Supreme Court, the relevant cases in this Circuit, and the rulings of other Judges in this District.

The text of 18 U.S.C. § 924(j)(1) makes it a crime when a person "in the course of a violation of subsection (c), causes the death of a person through the use of a firearm . . . if the killing is a murder (as defined in section 1111)." Thus, on its face, the statute does not require that the defendant intentionally or knowingly cause the death of a person through the use of a firearm. Of course, the statute expressly references "a violation of" Section 924(c) and "a murder" as defined in Section 1111, and thus the *mens rea* requirements of those provisions are relevant to the *mens rea* required under Section 924(j), as discussed below. But in light of the plain text of Section 924(j), no additional, independent *mens rea* requirement should be inferred. *See Dean v. United States*, 556 U.S. 568, 572 (2009) (courts "ordinarily resist reading words or elements into a statute that do not appear on its face" (quotation marks omitted)).

Section 924(j) encompasses the commission of a murder, as defined in 18 U.S.C. § 1111,

February 19, 2019
Page 2

during the course of a violation of 18 U.S.C. § 924(c). The text of 18 U.S.C. § 1111(a) defines murder as "the unlawful killing of a human being with malice aforethought," which includes, among other things, a killing "in the perpetration of, or attempt to perpetrate, any . . . robbery . . . ." The Second Circuit has made clear that under Section 1111, "[o]ne way the government can demonstrate malice aforethought is by showing that the killing was committed in the commission of a robbery . . . ." *United States v. Thomas*, 34 F.3d 44, 48 (2d Cir. 1994). In so holding, the Second Circuit recognized that. § 1111 "largely follows the common law's definition of murder," and "under the traditional common law felony murder rule, the malice of the robbery satisfies the murder's malice requirement." *Thomas*, 34 F.3d at 48; *see also id.* at 49 (explaining that modern murder statutes like Section 1111 retained "some form of felony murder (invariably including murder committed in perpetrating or attempting to perpetrate a robbery) as [an] alternative means of satisfying the mental state that first degree murder presupposes" (quoting *Schad v. Arizona*, 501 U.S. 624, 639-40 (1991))); *United States v. Chang*, 59 F. App'x 361, 361 (2d Cir. 2003) (summary order) (noting that 18 U.S.C. § 1111 "contains a felony-murder rule, which dispenses of the requirement of premeditation"). Thus, the reference to § 1111 within § 924(j) makes clear that the requisite intent for the killing itself is the intent to commit the underlying robbery.

Because § 924(j)(1) expressly incorporates § 924(c), any conviction under § 924(j)(1) must also satisfy the elements of § 924(c). The Supreme Court has clarified that aiding and abetting a violation of § 924(c) requires both an affirmative act in furtherance of the underlying crime of violence (here, the attempted robbery) and advance knowledge "that one of [the defendant's] confederates will carry a gun." *Rosemond v. United States*, 572 U.S. 65, 77 (2014); *see also id.* at 72-74 (discussing the affirmative act requirement). Combining the elements of both § 1111 and § 924(c) thus results in a two-pronged *mens rea* requirement. First, § 1111 requires that a defendant intentionally participate in the underlying felony, here an attempted robbery. Second, § 924(c) requires that the defendant have advance knowledge that a co-conspirator will carry a firearm during the attempted robbery. The Government is unaware of any case that supports an additional *mens rea* requirement in this context.

The Supreme Court's cases interpreting § 924(c) support this conclusion. Notably, the *Rosemond* case involved a violation of § 924(c)(1)(A)(iii), alleging that the defendant's co-conspirator discharged a gun during a drug deal. *See id.* at 67-69. Although the charged crime involved not only participation in a drug deal and possession of a gun, but also the discharge of that gun, the Supreme Court imposed no *mens rea* requirement on the discharge element. Rather, *Rosemond* required only that "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Id.* at 67. In other words, the Supreme Court concluded that "full knowledge of the circumstances" of a § 924(c)(1)(A)(iii) violation involves only the underlying crime and the *possession* of a gun during that crime, regardless of how exactly that gun would be used. *Id.* at 77.

That conclusion is consistent with the Supreme Court's holding in *Dean v. United States* that a defendant can be convicted of discharging a firearm under § 924(c)(1)(A)(iii) "whether on purpose or by accident." 556 U.S. at 577. In so holding, the Supreme Court noted that the "basic crime" of § 924(c) "is using or carrying a firearm during and in relation to a violent or drug trafficking crime, or possessing a firearm in furtherance of any such crime." *Id.* at 574. The Court

February 19, 2019
Page 3

explained that while "[i]t is unusual to impose criminal punishment for the consequences of purely accidental conduct," it is "not unusual to punish individuals for the unintended consequences of their *unlawful* acts." *Id.* at 575 (emphasis in original). The Court further stated that the "[t]he felony-murder rule is a familiar example: If a defendant commits an unintended homicide while committing another felony, the defendant can be convicted of murder." *Id.* (citing 18 U.S.C. § 1111). Indeed, the Court went on to quote Blackstone for the fundamental proposition that "if a man be doing any thing [sic] *unlawful*, and a consequence ensues which he did not foresee or intend, as the death of a man or the like, his want of foresight shall be no excuse; for, being guilty of one offence, in doing antecedently what is in itself unlawful, he is criminally guilty of whatever consequence may follow the first misbehaviour." *Id.* at 575-76 (emphasis in original) (quoting 4 W. Blackstone, Commentaries on the Laws of England 26-27 (1769)). The Court held that the same principle applies in the § 924(c) context, as "the defendant is already guilty of unlawful conduct twice over: a violent or drug trafficking offense and the use, carrying, or possession of a firearm in the course of that offense," and the discharge portion of the statute "accounts for the risk of harm resulting from the manner in which the crime is carried out, for which the defendant is responsible." *Id.*

The same reasoning supports the Government's proposed two-pronged *mens rea* requirement in the context of aiding and abetting felony murder with a firearm under § 924(j)(1). The core of the conduct captured by that statute is the active participation in a crime of violence and possession of a firearm in furtherance of that violent crime. The risk inherent in that combination of actions includes the risk that the gun will discharge and cause the death of a person. Applying the traditional concept of felony murder liability to an aider and abettor who participates in an attempted robbery with advance knowledge that another participant will carry a gun is consistent with both the common law and the Supreme Court's application of common law principles to § 924.

Although the Second Circuit has not issued a published opinion on the matter, one recent summary order considering the question reached the same conclusion. *United States v. Rivera*, 679 F. App'x 51 (2d Cir. 2017), affirmed the factual basis of a guilty plea to aiding and abetting a violation of § 924(j) where the defendant admitted that he "agreed . . . to assist and was involved in the underlying narcotics robbery" and "did not cease his participation in the robbery, despite knowing that his associates possessed a firearm." *Id.* at 54 (quotation marks omitted). In affirming the conviction despite the "absen[ce] [of] the defendant's admission that the victim's death was planned in advance of [the] underlying robbery," the *Rivera* panel reemphasized the Second Circuit's prior holdings "that 'the malice of the [underlying] robbery satisfies murder's malice requirement" under § 1111. *Id.* at 55.

The Government is also aware of two cases in this District directly addressing, post-*Rosemond*, the requisite *mens rea* in the context of a § 924(j) offense charged in connection with a death resulting during a robbery. Both concluded that intent to commit a robbery with advance knowledge of a gun was sufficient to satisfy § 924(j). In *Johnson v. United States*, 11 Cr. 487 (RJS), 2018 WL 4625799 (S.D.N.Y. Sept. 26, 2018), Judge Sullivan explained:

> Section 924(j) ... does not require that the jury make findings of specific intent or premeditation before convicting an aider and abettor of murder. Rather, Section 1111 embraces the common law felony murder doctrine. *See United States v.*

February 19, 2019
Page 4

> *Thomas*, 34 F.3d 44, 48 (2d Cir. 1994). . . . 'Because § 924(j) incorporates § 1111(a), an aider and abettor can be liable for murder based upon his intent to commit robbery if a co-participant in the robbery causes the death of the victim through the use of a firearm during the commission of the robbery.' *United States v. Ashbitrn*, 76 F. Supp. 3d 401, 428 (E.D.N.Y. 2014). . . . Thus, under Section 924(j) an individual can be convicted of murder within the meaning of Section 1111(a) if he knowingly participated in a robbery that resulted in death.

*Id.* at *5. Likewise, in *United States v. Herring*, 16 Cr. 302 (KMK) (S.D.N.Y. May 5, 2017), Judge Karas instructed the jury that, as to the *mens rea* element of aiding and abetting § 924(j)(1), it need only find "that the defendant either facilitated the use, carrying or possession of the firearm or the commission of the charged robbery and had knowledge of the firearm when he still had a realistic opportunity to withdraw from the robbery." Trial Transcript at 1364-65; *see also id.* at 1356-65 (full instruction regarding § 924(j)(1) charge).

Two opinions in the First Circuit have suggested that *Rosemond* may require enhanced *mens rea* for aiders and abettors in certain circumstances. Both cases are readily distinguishable because they involved statutes criminalizing activity that, absent certain knowledge, would appear to be wholly legal. Accordingly, both opinions focused on a concern that an aider and abettor should know the essential facts that transformed facially legal conduct into a crime. First, *United States v. Encarnacion-Ruiz*, 787 F.3d 581 (1st Cir. 2015), held that in order to be convicted of aiding and abetting the production of child pornography, a defendant must have knowledge that one of the participants in the pornography is a minor. *Id.* at 588. Second, *United States v. Ford*, 821 F.3d 63 (1st Cir. 2016), held that in order to be convicted of aiding and abetting the possession of a firearm after conviction of a felony, a defendant must have knowledge that the person possessing the gun was previously convicted of a felony.

Thus, both cases involved conduct that, absent a particular fact, would be legal and constitutionally protected: the production of pornography in *Encarnacion-Ruiz*, and the simple possession of a firearm in *Ford*. The principals involved in both crimes were in a position to know the facts that made their conduct illegal: the person producing child pornography can be expected to realize that a child is in the image, *see Encarnacion-Ruiz*, 787 F.3d at 591, and the person possessing the firearm can be expected to know that he has been convicted of a felony. *See Ford*, 821 F.3d at 71. These cases reflect a concern that the aider and abettor cannot be presumed to be aware of those crucial facts. Thus, absent an enhanced knowledge requirement for aiders and abettors, there would be a serious risk of convicting people for conduct they had every reason to believe was legal. Accordingly, in those specific circumstances, aiders and abettors must "be aware of the fact that transformed innocent behavior into criminal behavior." *Id.* at 69.

No such concern is present in the context of § 924(j), where the aider and abettor intentionally participates in an attempted robbery—an indisputably criminal endeavor—and knows that a compatriot will be bringing a gun to the robbery. Unlike the aiders and abettors in *Encarnacion-Ruiz* and *Ford*, there is no concern here that a participant in an armed robbery will be convicted for conduct he genuinely believed was legal. Moreover, *Encarnacion-Ruiz* and *Ford* do not speak in any way to how the law extends liability for the consequences of unlawful conduct. Here, there is no dispute that the Government must prove the defendant's intent to further an attempted robbery. The only question is whether he should be held liable for the consequences of

that unlawful conduct. While *Encarnacion-Ruiz* and *Ford* did not address that specific question, the Supreme Court in *Dean* did when commenting that "it is not unusual to punish individuals for the unintended consequences of their *unlawful* acts." *Dean*, 556 U.S. at 575 (emphasis in original). So long as a defendant intentionally participates in a robbery and knows ahead of time that the robbery will involve a gun, there is sufficient *mens rea* to satisfy *Rosemond*'s requirement that an aider and abettor participate in the charged crime "with full knowledge of the circumstances," including the activity's inherently illegal nature and risks of harm to others. *Rosemond*, 572 U.S. at 77; *see also United States v. Weintraub*, 273 F.3d 139, 147 (2d Cir. 2001) ("Scienter requirements should be presumed to require no more knowledge than necessary to put a defendant on notice that he is committing a non-innocent act." (quotation marks and brackets omitted)).

Notably, since the decision in *Rosemond*, the First Circuit has concluded "that *Rosemond* did not enhance the knowledge required of an aider and abettor of § 924(j)." *United States v. Garcia-Ortiz*, 792 F.3d 184, 190 (1st Cir. 2015). *Garcia-Ortiz*, which was decided more than a month *after Encarnacion-Ruiz*, rejected a claim that *Rosemond* changed the First Circuit's *mens rea* requirement in the context of a 924(j) charge, noting that the First Circuit already required "advance knowledge of the principal's intent to use a weapon." *Id.* The juxtaposition of these two opinions suggests that the First Circuit recognizes the distinction between the knowledge required when aiding and abetting facially lawful conduct and that required when aiding and abetting facially illegal conduct under *Rosemond*.

Ultimately, the two-pronged *mens rea* requirement previously affirmed by the Second Circuit in *Rivera* is consistent with the applicable case law and fundamental principles of common law. Just as there is no need to prove that a defendant had any specific awareness of the risk that a gun used during a robbery might discharge (as in *Dean*), there is no logical reason to require proof of a specific awareness of the risk of death resulting from the same crime. Any instruction demanding additional intent vis-à-vis a murder for aiders and abettors of armed robberies would essentially eliminate the felony murder doctrine, which is premised on the notion that a participant in a particularly violent felony—including robbery—is responsible for the natural consequences of that crime, including death. There is no support in any Supreme Court or Second Circuit authority for such a drastic step.

Accordingly, the Government respectfully submits that in order to satisfy the *mens rea* requirement of Count Four, it need only prove that the defendant (1) intentionally aided and abetted the attempted robbery; and (2) knew in advance that another participant in the attempted robbery would possess a gun.

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney for the
                                              Southern District of New York

                                              By: ___/s/_____
                                              Maurene Comey & Jessica Fender
                                              Assistant United States Attorneys
                                              (212) 637-2324 / 2276