# Adams & Commissiong LLP

## Attorneys at Law

65 Broadway Suite 715  
New York, NY 10006  
Tel: 212-430-6590  
Fax: 212-981-3305

Martin E. Adams  
Karloff C. Commissiong  
Admitted to Practice in New York  
www.amcmlaw.com

February 22, 2019

**VIA ELECTRONIC MAIL**

Hon. Jed S. Rakoff  
United States District Court Judge  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street  
New York, NY 10007



Re: <u>United States v. Andy Gyamfi</u>, 16 Cr. 521 (JSR) – Defense response to Court's Inquiry regarding applicability of felony murder rule

Dear Judge Rakoff:

### Preliminary Statement

During the final pre-trial conference on February 14, 2019, the Court inquired as to how the jury should be instructed regarding the state of mind of Mr. Gyamfi in a felony murder context. *See* Transcript of court conference at p. 31. The Court should charge that in order for the jury to find Mr. Gyamfi guilty as an aider and abettor of the charged murder, they must find that he was, a knowing and willful accomplice to the robbery, that he knew that a gun would be used sufficiently in advance to have an opportunity to withdraw from the crime, and that he knew that there was a risk of death.

### Relevant Facts

Mr. Gyamfi is charged with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. §1951 [Count One], a substantive count of attempted Hobbs Act robbery as a principal and aider and abettor in violation of 18 U.S.C. §§1951 and 2 [Count 2], possession and use of a firearm during and in relation to the attempted robbery charged in Count 2, during which one of Mr. Gyamfi's co-conspirators brandished and fired a weapon at a victim other than Carlos Vargas in violation 18 U.S.C. §§924(c)(1)(A)(ii) and (iii) [Count Three]; possession and use of a firearm during and in relation to the attempted robbery charged in Count 2, during which one of Mr. Gyamfi's co-conspirators shot and killed Carlos Vargas [Count Four]; and conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§846,

reversed the conviction and added a new mens rea that applies to the person aiding and abetting: that person must "have reason to know" that the principal is a felon. *See United States v. Ford*, 821 F.3d 63 (1st Cir. 2016).

In *United States v. Encarnacion*, 787 F.3d 581 (1st Cir. 2015), an individual was convicted of aiding and abetting production of child pornography. To produce child pornography as a principal, one need not know that the person being filmed is a child because the statute, 18 U.S.C. §2251(a), does not contain a knowledge requirement as to the victim's age. The First Circuit held that to aid and abet the crime, requires "knowledge" that the victim" is a minor. With respect to the mens rea, building on Rosemond, the First Circuit said that an aider and abettor must intend the full scope of the crime. *See United States v. Encarnacion-Ruiz*, 787 F.3d 581 (1st Cir. 2015).

## Discussion

In order to intentionally aid and abet a 924(j) charge, an accomplice's intent must go to the specific and entire crime charged. The defendant must be a knowing and willful accomplice to the robbery. The prosecution must prove that he knew that a gun would be used, that he acquired such knowledge sufficiently in advance to have an opportunity to withdraw from the crime, and that he knew that there was a risk of death. *See Id.* at 588. (Therefore, with a §924(c) offense, the aider and abettor must have knowledge of the full scope of the crime, that is, "that the plan calls not just for a drug sale, but for an armed one.")

The entire crime charged in Count Four consists of: (1) an underlying crime of violence, (2) the use, carrying and discharge of a firearm, and (3) causing a death. The Government's letter references *Rosemond*, stating in relevant part, "Although the charged crime involved not only participation in a drug deal and possession of a gun, but also the discharge of that gun, the Supreme Court imposed no mens rea requirement on the discharge element. Rather, Rosemond required only that 'the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission.' Id. at 67. In other words, the Supreme Court concluded that full knowledge of the circumstances' of a § 924(c)(1)(A)(iii) violation involves only the underlying crime and the possession of a gun during that crime, regardless of how exactly that gun would be used." *See* Government Letter at p. 2. However, the use, carry and discharge of the firearm, were all a part of the crime with which Mr. Rosemond was charged, as an aider and abettor. There was no resulting death, an additional element transforming a §924(c) charge into a §924(j).

The Government further stated that mere proof that Mr. Gyamfi aided and abetted the §924(c), is sufficient to hold him guilty of aiding and abetting the §924(j). However, the Government treats a charge of §924(j) as though it is §924(c)(1)(A)(iv). A §924(j) is, like

3

Regards,

/s/

Donald Yannella, Esq.
Karloff Commissiong, Esq.

cc:    A.U.S.A. Maurene Comey
       A.U.S.A. Jessica Fender