

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 4, 2019

**VIA EMAIL**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/19

     Re:   *United States v. Andy Gyamfi*, S6 16 Cr. 521 (JSR)

Dear Judge Rakoff:

     Per the Court's instruction, the Government respectfully submits this letter to request certain revisions to the draft of the Court's Instructions of Law to the Jury (the "Draft Instructions") provided to the parties this afternoon in the above-referenced case. In particular, the Government respectfully requests the following revisions to the Draft Instructions:

- INSTRUCTION NO. 2 – Several of the exhibits at trial include electronic files, such as Excel spreadsheets and videos. In advance of deliberations, the Government prepared a standalone blank laptop, which has no network access, as well as discs containing copies of the electronic exhibits admitted at trial. This laptop and those discs may be sent back to the jury with the document exhibits at the beginning of deliberations, which would allow the jury to review the exhibits on demand, saving time during deliberations. Should the Court elect to send this laptop to the jury room, the Government has no proposed changes to INSTRUCTION NO. 2. Should the Court decline to provide the jury with a laptop, however, the Government respectfully requests that the Court revise the second paragraph of this instruction to make clear that the jury can request to view "any physical <u>or electronic</u> exhibit."

- INSTRUCTION NO. 7 – On page 9 of the Draft Instructions, there is a reference to "immunity agreements." However, the Government has no agreements with any of the immunized witnesses; rather, each witness testified pursuant to an immunity order signed upon application of the Government. Accordingly, the Government respectfully requests that this phrase be revised to read "<u>immunity orders</u>" or "<u>orders of immunity</u>."

- INSTRUCTION NO. 12 – In the second paragraph on page 14, Count Three is described as "aiding and abetting others to possess a firearm that was used during

March 4, 2019
Page 2

that robbery." Because Count Three is tied to an attempted robbery, the Government respectfully requests that the sentence be revised to read "aiding and abetting others to possess a firearm that was used during that <u>attempted</u> robbery." Similarly, Count Four is described as "aiding and abetting others to possess a firearm that was discharged during the robbery, resulting in the death of Carlos Vargas." Although the Government's theory does indeed include a discharge, the text of 18 U.S.C. § 924(j) does not require a discharge; rather, the text requires only the use of a firearm that results in death. Additionally, like Count Three, Count Four is tied to an attempted robbery, rather than a completed robbery. Accordingly, the Government respectfully requests that this sentence be revised to read "aiding and abetting others to possess a firearm that was <u>used</u> during the <u>attempted</u> robbery, resulting in the death of Carlos Vargas."

- INSTRUCTION NO. 14 – The Government respectfully requests that this instruction be revised to note that the defendant need not have known or intended that the federal robbery would affect interstate commerce.

- INSTRUCTION NO. 17 – On page 21 of the Draft Instructions, the final paragraph contains two references to "the robbery." As noted above, Count Three is tied to an attempted robbery; thus, the Government respectfully requests that both instances be revised to reference "the <u>attempted</u> robbery."

- INSTRUCTION NO. 18 – The first paragraph of this instruction references "the robbery." Because Count Three is tied to an attempted robbery, the Government respectfully requests that this phrase be revised to reference "the <u>attempted</u> robbery." Additionally, the instruction as drafted suggests that the defendant himself must have brandished or discharged the firearm. Because Count Three is charged on an aiding and abetting theory, the Government respectfully requests that the Court revise this instruction to read: "you must then consider some supplemental questions about whether <u>the defendant or someone he aided and abetted</u> "brandished" or "discharged" <u>the firearm</u> during the <u>attempted</u> robbery."

- INSTRUCTION NO. 19 – This instruction repeatedly references "the robbery" on page 23. Because Count Four is tied to an attempted robbery, the Government respectfully requests that the Court revise all five references to "the robbery" on this page to "the <u>attempted</u> robbery."

- INSTRUCTION NO. 22 – As referenced above, the Government is prepared to provide a laptop and discs to the jury during deliberations to assist their review of electronic exhibits. Should the Court elect to provide these items to the jury, the Government respectfully requests that this instruction be revised to reference the laptop and discs containing electronic exhibits. Should the Court decline to provide the laptop to the jury, the Government respectfully requests that the Court revise the phrase "physical or video evidence" to read "physical or <u>electronic</u> evidence" as those exhibits include videos as well as electronic files, such as spreadsheets.

March 4, 2019
Page 3

      The Government will be prepared to address any questions the Court may have regarding the above requests at tomorrow morning's charge conference.

                        Respectfully submitted,

                        GEOFFREY S. BERMAN
                        United States Attorney for the
                        Southern District of New York

                 By:  ___/s/_____
                        Maurene Comey & Jessica Fender
                        Assistant United States Attorneys
                        (212) 637-2324 / 2276